357 So.2d 405 (1978)
STATE of Florida, Appellant,
v.
Richard K. McDONALD, Appellee.
No. 51332.
Supreme Court of Florida.
March 31, 1978.
*406 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Robert E. Jagger, Public Defender, and Howard L. Crown, Asst. Public Defender, St. Petersburg, for appellee.
HATCHETT, Justice.
The State of Florida has appealed to this Court to resolve whether Section 318.14, Florida Statutes (1975) violates the Florida Constitution, Article III, Section 6, which provides that every law "shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title." This Court has jurisdiction to review this cause under Article V, Section 3(b)(1). We reverse the trial court's order and hold the statute to be constitutional.
Appellee, McDonald, was issued a traffic citation for careless driving. In addition, appellee refused to sign the summons as required by Section 318.14, Florida Statutes (1975), and was therefore charged with a second degree misdemeanor. The pertinent portions of that statute read:
(1) Except as provided in s. 318.17, any person cited for a violation of chapter 316, chapter 325, part II, or s. 339.30, s. 340.23, or s. 239.55 shall be deemed to be charged with a noncriminal infraction and shall be cited for such an infraction and cited to appear before an official.
(2) Any person cited for an infraction under this section may:
(a) Post a bond, which shall be equal in amount to the applicable civil penalty established in s. 318.18; or
(b) Sign and accept a citation indicating a promise to appear.
The officer may indicate on the traffic citation the time and location of the scheduled hearing and shall indicate the applicable civil penalty established in s. 318.18.
(3) Any person who willfully refuses to post a bond or accept and sign a summons shall be guilty of a misdemeanor of the second degree.
Appellee filed a motion to dismiss on the grounds that the title of this act fails to notify the public, as required by the Constitution, that the statute creates a criminal penalty for willful refusal to sign a traffic citation. In addition, he argued that this legislative act embraces more than one subject matter, since it provides for the decriminalization of traffic infractions, as well as creating a separate criminal offense. The *407 trial court granted the motion to dismiss. The State asserts that this was error, because the statute was designed to accomplish a single purpose which is stated in its title: the establishment of procedures for the adjudication of traffic infractions. The State contends that Section 318.14(3) is merely part of the scheme provided to effectuate that purpose.
Legislative enactments are presumptively valid. In State ex rel. Shevin v. Metz Construction Co., Inc., 285 So.2d 598 (Fla. 1973), we stated:
It is elementary that a statute is clothed with a presumption of constitutional validity, and if fairly possible a statute should be construed to avoid not only an unconstitutional interpretation, but also one which even casts grave doubts upon the statute's validity. [citation omitted] With respect to the sufficiency of the title of an Act, all the usual presumptions of validity apply, and we must assume that the Legislature intended to enact a valid law. (at 600)
The purpose of Article III, Section 6, Florida Constitution (1968) which requires that the subject of all legislation be briefly expressed in the title and that any legislative acts encompass only one subject, is to give adequate notice to the Legislature and to the public of what the law entails. United Gas Pipeline Co. v. Bevis, 336 So.2d 560 (Fla. 1976). Further, a statute will not be unconstitutional for embracing more than one subject if the title is sufficiently broad to connect it with the general subject matter of the enactment. In Smith v. City of St. Petersburg, 302 So.2d 756 (Fla. 1974), this Court reasoned that:
For a legislative enactment to fail, the conflict between it and the Constitution must be palpable, however, where by reasonable intent the title can be determined to be sufficiently broad as to include a provision that can be deemed to reasonably connect it with the subject of the enactment, then it should not be declared inoperative and unconstitutional. In other words, the title should reasonably and fairly give notice of what one may expect to find in the body of the enactment. (at 758)
The Constitutional requirement that the subject of the law be briefly stated in the title does not require a detailed explanation of every provision, but requires only that the matter under consideration be fairly related to the subject described in the title. Smith v. Davis, 231 So.2d 517 (Fla. 1970).[1]
We determine that Section 318.14(3), Florida Statutes (1975) is sufficiently related to the general subject matter of this act, which provides for the establishment of procedures for the adjudication of traffic infractions. Further, the title provides reasonable notice that this complete revision of the procedures for handling traffic infractions may also include a criminal penalty for failure to comply with these mandatory procedures.[2]
Accordingly, we hold the statute to be constitutional and remand the case to the trial court for proceedings consistent with this opinion.
ADKINS, Acting C.J., and BOYD, SUNDBERG and KARL, JJ., concur.
ENGLAND, J., dissents.
NOTES
[1] Adopting the dissenting opinion of Judge Reed in 227 So.2d 342 (Fla. 4th DCA 1969).
[2] The title in Chapter 74-377, Laws of Florida reads: AN ACT relating to the adjudication of traffic infractions; creating chapter 318, Florida Statutes, to be known as the "Florida uniform disposition of traffic infractions act"; providing definitions; providing for decriminalization of certain traffic violations; establishing procedures for adjudication of traffic infractions; establishing standard statewide civil penalties for infractions; providing for mandatory hearings for certain infractions; establishing notification duties of the department; amending section 316.026, 316.061, 316.067, 316.112, 316.164, 339.30, 340.23 and 239.55, Florida Statutes; providing for penalty provisions consistent with this act; providing that the provisions of section 316.0261, Florida Statutes, shall apply to the disposition of all civil penalties and forfeitures received by a county court pursuant to chapter 318, Florida Statutes; providing an effective date.