794 So.2d 725 (2001)
The STATE of Florida, Appellant,
v.
Rolf Karl-Antal WITTMAN, Appellee.
No. 3D00-576.
District Court of Appeal of Florida, Third District.
September 19, 2001.
*726 Robert A. Butterworth, Attorney General, M. Rebecca Springer, Assistant Attorney General, and Frank K. Ingrassia, Assistant Attorney General, for appellant.
Mark E. Kohl, Tavernier, and Angel Ruiz, Miami, for appellee.
Before LEVY, FLETCHER and SORONDO, JJ.
PER CURIAM.
The State of Florida appeals from an order of the lower court declaring section 322.34(5), Florida Statutes (1997), unconstitutional on the ground that chapter 97-300, Laws of Florida, violates the single-subject requirement. We reverse.
Rolf Karl Antal-Wittman, defendant, was involved in a traffic accident. He was charged by amended information with two counts of driving under the influence (DUI) with serious bodily injury, two counts of DUI with bodily injury, one count of DUI with property damage and one count of driving while license was suspended (DWLS) as a habitual traffic offender, in violation of section 322.34(5). The DWLS, habitual offender charge was severed and is the subject of this appeal.
*727 Prior to trial, the defendant filed a motion to declare section 322.34(5) unconstitutional on the ground that chapter 97-300 violated the single subject requirement of article III, section 6, of the Florida Constitution.[1] Chapter 97-300 altered the penalty for the defendant's offense, DWLS as a habitual offender, from a first-degree misdemeanor to a third-degree felony. The defendant argued that chapter 97-300 violated the single subject requirement because it embraced, not one, but several different subjects. The state argued that there was no violation of the single subject rule because all the sections in chapter 97-300 relate to vehicles and highway safety.
Both sides stipulated that the defendant's case fell within the window period for presenting a single subject challenge. The trial court granted the defendant's motion finding chapter 97-300 violated the single subject rule and ruled as follows:
Chapter 97-300 took effect on October 1, 1997. The acts for which the Defendant is charged occurred on November 20, 1998. The date of the Defendant's offense occurred prior to the biennial reenactment of the Florida Statutes and therefore, the Defendant's case falls within the time frame necessary to show standing in this matter.
Chapter 97-300 consists of fifty four separate actions, only one of which does not relate to a substantive amendment of the Florida Statutes.
Chapter 97-300 applies to both civil and criminal subjects which are not rationally related. "(citation omitted)".
The different Sections of Chapter 97-300 apply to issues which are not rationally related and have no natural or logical connection....
We disagree and hold that chapter 97-300 does not violate the single subject rule of article III, section 6, of the Florida Constitution.[2]
Legislative enactments are presumptively valid. State v. McDonald, 357 So.2d 405, 407 (Fla.1978). Every doubt about a provision should be resolved in favor of the validity of the provision, since it must be presumed that the legislature intended to enact a valid law. McDonald, 357 So.2d at 407. The subject of an act may be as broad as the legislature chooses as long as the matters included in the act have a natural or logical connection. Chenoweth v. Kemp, 396 So.2d 1122, 1124 (Fla.1981).
The single subject requirement is satisfied if a reasonable explanation exists as to why the legislature chose to join the two subjects within the same legislative act. Grant v. State, 770 So.2d 655, 657 (Fla.2000). Chapter 97-300 incorporates interrelated laws dealing with the definition of motor vehicles, punishment for crimes relating to motor vehicles and regulation and operation of motor vehicles under the authority of the Department of Highway Safety and Motor Vehicles. These provisions all have a natural and logical connection. See Chenoweth at 1124.(chapter that covers broad range of statutory provisions dealing with medical malpractice and insurance did not violate "one subject" rule of state constitution as provisions had a natural and logical connection); Smith v. Department of Ins., 507 So.2d 1080, 1087 (Fla.1987)(tort reform and insurance act did not violate single *728 subject requirement, where the challenged sections addressed one primary goal: the availability of affordable liability insurance). It is clear that the provisions of chapter 97-300 are directed toward one purpose: the regulation and operation of vehicles, and of the concomitant crimes related to such regulation.
The purpose of the constitutional prohibition against a plurality of subjects in a single legislative act is to prevent a single enactment from becoming a "cloak" for dissimilar legislation having no necessary or appropriate connection with the subject matter. State v. Lee, 356 So.2d 276, 282 (Fla.1978). The test for determining duplicity of a subject "is whether or not the provisions of the bill are designed to accomplish separate and disassociated objects of legislative effort." Burch v. State, 558 So.2d 1, 2 (Fla.1990). While chapter 97-300 covers a broad range of provisions, these provisions all relate to highway safety and motor vehicles.
Article III, section 6, of the Florida Constitution is not designed to deter or impede legislation by requiring laws to be unnecessarily restrictive in their scope and operation. State ex rel. X-Cel Stores, Inc. v. Lee, 122 Fla. 685, 166 So. 568 (1936). The primary purpose of the requirements of article III, section 6 is to prevent hodgepoge or logrolling legislation. Smith v. City of St. Petersburg, 302 So.2d 756, 757 (Fla.1974). There was no logrolling in this legislation. The fact that several different statutes were amended does not mean that more than one subject was involved. Burch v. State, 558 So.2d at 3. It would have been awkward and unreasonable to attempt to enact many of these provisions in separate legislation. Id.
Reversed and remanded.
NOTES
[1] As pertinent to our analysis, article III, section 6, of the Florida Constitution provides: "Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title."
[2] In light of the fact we find that the provisions of chapter 97-300 are constitutional, we decline to address the state's alternative argument of severability.