805 So.2d 1034 (2002)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Robert P. CRITCHFIELD, Appellee.
No. 5D01-1617.
District Court of Appeal of Florida, Fifth District.
January 4, 2002.
Rehearing Denied January 29, 2002.
*1035 Robert A. Butterworth, Attorney General and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellant.
Michael J. Snure of Kirkconnell, Lindsey, Snure and Yates, P.A., Winter Park, for Appellee.
COBB, J.
The Department of Highway Safety and Motor Vehicles (DHSMV) appeals from a final judgment entered in favor of Robert Critchfield. The trial court granted summary judgment for Critchfield, and held Chapter 98-223, Laws of Florida, violates the single subject rule in Article III, section 6 of the Florida Constitution. Based on this holding, Critchfield was found not legally barred from applying for a hardship driver's license despite four convictions for DUI.
Critchfield received his fourth DUI conviction in 1987. His driver's license was permanently revoked. At the time of sentencing, Critchfield was informed that he would be eligible for a hardship license after five years.
*1036 Critchfield applied in 1999 but was told he was no longer eligible due to a change in the law. That change was made by section 8 of Chapter 98-223, Laws of Florida, effective July 1, 1998 which provided:
The department shall forthwith revoke the license or driving privilege of any person upon receiving a record of such person's conviction of any of the following offenses:
(1)(a) ... [A] fourth violation of s. 316.193 or former s. 316.1931. For such cases, the revocation of the driver's license or driving privilege shall be permanent. (Emphasis original).
On April 4, 2000, Critchfield brought a two-count complaint for declaratory relief. Count two alleged Chapter 98-223 is unconstitutional as it encompassed more than one subject in violation of the single subject requirement of the Florida Constitution. The trial court granted Critchfield's motion for summary judgment on the basis of the single subject rule. We affirm.
Chapter 98-223 contains 15 sections of which 13 are substantive.[1] Section 1 creates section 832.09, Florida Statutes to provide for suspension of a driver's license for failure to appear before the court in connection with prosecution for passing a worthless check. Section 2 creates section 832.10, Florida Statutes to provide that a payee on a worthless check may place the check for collection by a private debt collector prior to presenting the check to the state attorney for prosecution and that the payee may recover reasonable collection fees. Section 3 creates section 322.251, Florida Statues to provide for notice to a licensee whose driving privilege is suspended pursuant to section 832.09. Section 4 adds a subsection to section 322.142, Florida Statutes to provide for the DHSMV to sell copies of photographs or digital imaged driver's licenses under certain circumstances. Section 6 amends section 318.18(3), Florida Statutes to increase the fines for speeding. Section 7 amends section 320.07(3), Florida Statutes which deals with expiration of license plates. Section 8 amends section 322.26, Florida Statutes which deals with mandatory revocation of driver's licenses. Section 9 amends section 322.271, Florida Statutes, which deals with petitions for reinstatement of driving privileges. Section 10 deals with amendments to section 322.28, Florida Statutes, concerning the period of suspensions and revocations of driver's licenses. Section 11 creates section 322.28, Florida Statutes relating to the commencement of the period of suspension or revocation of driver's licenses for incarcerated offenders while section 12 amends section 322.34, Florida Statutes dealing with driving while license suspended, revoked, canceled or disqualified. Section 13 creates section 322.341, Florida Statutes which makes it a third degree felony to drive while a license is permanently revoked. Finally, section 14 amends section 627.733, Florida Statutes which deals with suspension of a motor vehicle registration for lack of required security.
Article III, section 6 of the Florida Constitution provides in relevant part:
Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title.
This single subject requirement is not designed to deter or impede legislation by requiring laws to be unnecessarily restrictive in their scope and operation. State v. Wittman, 794 So.2d 725 (Fla. 3d DCA 2001). Rather, the requirement primarily is intended to prevent hodge-podge or logrolling legislation, i.e., putting two unrelated *1037 matters in one act. Smith v. City of St. Petersburg, 302 So.2d 756 (Fla.1974).
In Wittman the Third District explained that the purpose of the constitutional prohibition against a plurality of subjects in a single legislative act is to prevent a single enactment from becoming a "cloak" for dissimilar legislation having no necessary or appropriate connection with the subject matter. See State v. Lee, 356 So.2d 276 (Fla.1978). The test for determining duplicity of a subject "is whether or not the provisions of the bill are designed to accomplish separate and disassociated objects of legislative effort." See Burch v. State, 558 So.2d 1, 2 (Fla. 1990). While the subject matter of an act may be as broad as the Legislature chooses, the matters included must have a natural or logical connection. See Chenoweth v. Kemp, 396 So.2d 1122 (Fla.1981), receded from on other grounds in Sheffield v. Superior Insurance Co., 800 So.2d 197 (Fla. 2001). In Wittman, the state challenged a trial court order declaring section 322.34(5), Florida Statutes, to be unconstitutional on the ground that Chapter 97-300 violated the single subject requirement. Chapter 97-300 altered the penalty in section 322.34(5), driving while license suspended, from a first degree misdemeanor to a third degree felony. The trial court found that Chapter 97-300 applies to both civil and criminal subjects which are not rationally related and applies to issues which have no natural or logical connection. The appellate court disagreed, explaining:
Chapter 97-300 incorporates interrelated laws dealing with the definition of motor vehicles, punishment for crimes relating to motor vehicles and regulation and operation of motor vehicles under the authority of the Department of Highway Safety and Motor Vehicles. These provisions all have a natural and logical connection. See Chenoweth [v. Kemp, 396 So.2d 1122, 1124 (Fla.1981)] at 1124 (chapter that covers broad range of statutory provisions dealing with medical malpractice and insurance did not violate "one subject" rule of state constitution as provisions [related to tort litigation and insurance reform] had a natural and logical connection); Smith v. Department of Ins., 507 So.2d 1080, 1087 (Fla.1987)(tort reform and insurance act did not violate single subject requirement, where the challenged sections addressed one primary goal: the availability of affordable liability insurance). It is clear that the provisions of chapter 97-300 are directed toward one purpose: the regulation and operation of vehicles, and of the concomitant crimes related to such regulation. (Emphasis added).
794 So.2d at 727-728.
In the present case, the trial court found that the enactment encompassed the separate subjects of worthless checks and regulation of driver's licenses:
[T]he entire act does not have a logical and natural connection. Specifically, section two of the act cannot be read in any way which would relate it to driver's licenses. Section two provides for private debt collection of dishonored checks.... [I]t has no natural or logical connection to sections four through fourteen.
The DHSMV concedes that "At first blush, § 2 is difficult to connect to the remainder of chapter 98-223" but argues that a deeper examination of the legislation reflects a unifying theme: all of the substantive provisions relate to conditions legislatively required in return for the privilege of driving a motor vehicle. The DHSMV asserts:
assignment to a debt collector occurs before prosecution by the state attorney, and does not trigger the automatic suspension *1038 authorized by § 1 of ch. 98-223. In effect, § 2 partially unencumbers the privilege to drive, by providing an alternative to automatic license suspension upon prosecution for a worthless check.
This effort is valiant but unavailing. Section 2 lacks a logical or natural connection to driver's licenses, registrations or operation of motor vehicles which are the subject matter of Chapter 98-223. It rather relates to collection of debts evidenced by bad checks by private debt collectors and recovery of reasonable collection fees incurred by such private debt collectors. The state's reliance on Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla.1969) is misplaced. There the supreme court found a natural or logical connection in an enactment which, in addition to requiring that all meetings of certain public boards and commission at which official acts were to be taken be public meetings, also contained provisions for criminal penalties and injunctive relief to enforce its provisions.
Here a natural or logical connection exists between driver's licenses, vehicle registrations and operation of motor vehicles. However, no such connection exists with use of private debt collectors to collect debts evidenced by bad checks. Unlike section 1, nothing in section 2 refers to driver's licenses or to the suspension thereof or for that matter to the operation of motor vehicles. Section 2 applies to private collection efforts on bad checks and has nothing whatsoever to do with driver's licenses or operation of motor vehicles.
This case is controlled by State v. Thompson, 750 So.2d 643 (Fla.1999) and State v. Johnson, 616 So.2d 1 (Fla.1993). In Thompson the court found that Chapter 95-182, Laws of Florida, which created violent career criminal sentencing laws, violated the single subject rule by addressing two different subjects, career criminals and domestic violence. In Johnson, the court found a violation of the single subject rule where Chapter 89-280, Laws of Florida contained two separate and distinct subjects having absolutely no cogent connection: habitual offender sentencing and licensing of private investigators and their authority to repossess personal property. The court rejected the state's contention that the two subjects related to the single subject of controlling crime.[2]
Finally, we recognize that the single subject requirement of Article III, section 6 only applies to chapter or session laws and sections of the Florida Statutes need not conform to the requirement. Johnson. Once reenacted by way of an adoption act as a portion of the Florida Statutes, a chapter or session law is no longer subject to challenge on the grounds that it violates the single subject requirement. Johnson. Chapter 98-223 was enacted effective July 1, 1998 but has yet to be the subject of an adoption act which became law. Accordingly, the final judgment invalidating Chapter 98-223, Laws of Florida, based upon violation of the single subject rule is affirmed.
AFFIRMED.
THOMPSON, C.J., and ORFINGER, R. B., J., concur.
NOTES
[1] Section 5 appropriates $35,000; section 15 provides an effective date.
[2] The trial court here found that Chapter 98-223 could not be severed so as to save any portion thereof since in passing the legislation the title referred both to worthless checks and driver's licenses. The DHSMV does not challenge this conclusion on appeal.