819 So.2d 966 (2002)
David SAWYER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2141.
District Court of Appeal of Florida, Fourth District.
June 26, 2002.
*967 Carey Haughwout, Public Defender, and Jeffrey Anderson and Samuel A. Walker, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of a third-degree felony, driving after his license had been permanently revoked, which violates section 322.341, Florida Statutes (2000). He argues that this statute is unconstitutional based on Department of Highway Safety and Motor Vehicles v. Critchfield, 805 So.2d 1034 (Fla. 5th DCA 2002), in which the fifth district held this statute unconstitutional because it was part of Chapter 98-233, Laws of Florida, which violates the single subject rule. We respectfully disagree with Critchfield and affirm.
Section 322.341 became effective July 1, 1998 by virtue of section 8 of Chapter 98-233, Laws of Florida. It provides:
Any person whose driver's license or driving privilege has been permanently revoked pursuant to section 322.26 or 322.28 and who drives a motor vehicle upon the highways of this state is guilty of a felony of the third degree.
The issue is whether Chapter 98-233 violates Article III, section 6 of the Florida Constitution, which provides that every law "shall embrace but one subject and matter properly connected therewith."
Chapter 98-223 contains thirteen substantive sections, twelve of which pertain to drivers licenses, and section 2, entitled "Violations Involving Checks and Drafts," which became section 832.10(1) and provides in part:
Prior to presenting a complaint about a dishonored check to a state attorney, a payee on such bad check may place or assign the debt evidenced by the bad check for collection pursuant to this section by a private debt collector registered under part VI of chapter 559.
The fifth district in Critchfield held that the one subject requirement was violated, stating:
Section 2 lacks a logical or natural connection to driver's licenses, registrations or operation of motor vehicles which are the subject matter of Chapter 98-223. It rather relates to collection of debts evidenced by bad checks by private debt collectors and recovery of reasonable collection fees incurred by such private debt collectors.... Here a natural or logical connection exists between driver's licenses, vehicle registrations and operation of motor vehicles. However, no such connection exists with use of private debt collectors to collect debts evidenced by bad checks. Unlike section 1, nothing in section 2 refers to driver's licenses or to the suspension thereof or for that matter to the operation of motor vehicles. Section 2 applies to private collection efforts on bad checks and has nothing whatsoever to do with driver's licenses or operation of motor vehicles.
Critchfield at 1038.
Chapter 98-223, in its title, explains that one of its purposes is to provide for the suspension of drivers licenses for people who pass bad checks. Section 1 of Chapter 98-223, which became section 832.09, provides:

*968 Suspension of driver license after warrant or capias is issued in worthless check case.
(1) Any person who is being prosecuted for passing a worthless check in violation of s. 832.05, who fails to appear before the court and against whom a warrant or capias for failure to appear is issued by the court shall have his or her driver's license suspended or revoked pursuant to s. 322.251.
(2) Within 5 working days after the issuance of a warrant or capias for failure to appear the clerk of the court in the county where the warrant or capias is issued, shall notify the Department of Highway Safety and Motor Vehicles by the most efficient method available of the action of the court.
There is thus a relationship between Chapter 832, entitled "Violations Involving Checks and Drafts," and Chapter 322, entitled "Driver's Licenses." Section 2 of Chapter 98-223, which became section 832.10, quoted earlier, provides a recipient of a bad check with the alternative of attempting to collect the debt before making a complaint with the state attorney, which could result in a license suspension.
Section 3 of Chapter 98-223, which became section 322.251, provides details as to notice and other matters involving the suspension of driver's licenses for passing worthless checks in violation of section 832.09. Although we can see how, by looking only at Chapter 98-223, the connection between collection of bad checks and driver's license suspension would not be apparent, they are related. As we noted earlier, Chapter 832, which criminalizes passing a bad check, provides in section 832.09 for the suspension of a driver's license under Chapter 322. Chapter 322, our driver's license statute, provides in section 322.251(7)(a)(1) that a driver's license revoked under section 832.09, for passing a bad check, can be reinstated if there has been payment of restitution, court costs, and fees. Those costs and fees are described in section 832.10, the provision the Critchfield panel found to have no connection with the rest of the legislation.
Keeping in mind that the single subject rule is not violated if the provisions have a natural or logical connection, Chenoweth v. Kemp, 396 So.2d 1122 (Fla.1981), or if a reasonable explanation exists as to why the two subjects are included in the same act, Grant v. State, 770 So.2d 655 (Fla.2000), we conclude that Chapter 98-223 is constitutional. Our conclusion is consistent with the principle that doubts should be resolved in favor of constitutional validity. State v. McDonald, 357 So.2d 405 (Fla.1978)(single subject rule).
We have considered the other issues raised by appellant and find them to be without merit. We therefore affirm and certify conflict with Critchfield.
POLEN, C.J., and TAYLOR, J., concur.