826 So.2d 476 (2002)
David A. McCORMICK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3233.
District Court of Appeal of Florida, Fifth District.
September 20, 2002.
*477 James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tammy L. Jaques, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
David A. McCormick appeals the denial of his motion to suppress. He also contends that his conviction of driving after his license had been permanently revoked was erroneous. McCormick was charged with driving after his license was permanently revoked,[1] driving while license revoked as an habitual offender,[2] resisting an officer without violence,[3] and possession of less than twenty grams of cannabis.[4] McCormick filed a motion to suppress, contending that the police had stopped him without any lawful reason, and that his subsequent arrest and the search of his person and vehicle were therefore illegal. Because we find competent, substantial evidence to support the trial judge's conclusion that the encounter between the police and McCormick was consensual, we affirm the denial of the motion to suppress without further discussion.
We do find merit in McCormick's contention that his conviction for driving after his license had been permanently revoked pursuant to section 322.341, Florida Statutes (2001), is erroneous based on our opinion in Department of Highway Safety & Motor Vehicles v. Critchfield, 805 So.2d 1034 (Fla. 5th DCA), review granted, No. 02-386 (Fla. Apr. 24, 2002). In Critchfield, decided after the trial judge's ruling, we held chapter 98-223, which enacted section 322.341, to be unconstitutional. Our view is not unanimous. The Fourth District Court of Appeal recently reached the contrary result, and found this statute to be constitutional. See Sawyer v. State, 819 So.2d 966 (Fla. 4th DCA 2002). Based on Critchfield, we vacate McCormick's conviction for driving after his license was permanently revoked and certify conflict with Sawyer. In all other respects, we affirm McCormick's convictions and sentences.
AFFIRMED IN PART, VACATED IN PART AND CONFLICT CERTIFIED.
SHARP, W. and HARRIS, JJ., concur.
NOTES
[1] § 322.341, Fla. Stat. (2001).
[2] § 322.34(5), Fla. Stat. (2001).
[3] § 843.02, Fla. Stat. (2001).
[4] § 893.13(6)(b), Fla. Stat. (2001).