828 So.2d 486 (2002)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Joanne SCINTA, Respondent.
No. 2D01-3566.
District Court of Appeal of Florida, Second District.
October 18, 2002.
*487 Kathy A. Jimenez, Assistant General Counsel, for the Department of Highway Safety and Motor Vehicles, Miami, for Petitioner.
Jordan L. Wallach of Jordan L. Wallach, P.A., Sarasota, for Respondent.
WHATLEY, Judge.
The Department of Highway Safety and Motor Vehicles (DHSMV) seeks certiorari review of the writ of certiorari issued by the circuit court allowing Joanne Scinta to apply for a hardship driver's license and directing the DHSMV to afford her a full and fair hearing utilizing the 1997 version of section 322.271(4), Florida Statutes.
Certiorari review of the circuit court's order entered in its review capacity requires this court to determine whether the circuit court afforded due process and applied the correct law. Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So.2d 141 (Fla. 2d DCA 2002). "Moreover, `second appeal' certiorari requires something more than `simple legal error.' To merit a `second appeal,' the error must be a violation of a clearly established principle of law resulting in a miscarriage of justice." Id. at 144.
Scinta's driver's license was permanently revoked pursuant to section 322.28(2)(e), Florida Statutes (1995), on November 19, 1996. At that point, Scinta had been convicted four times of driving under the influence since May 1984. On July 1, 1998, chapter 322 was amended to mandate the permanent revocation of a driver's license upon a fourth conviction of driving under the influence. Ch. 98-223, § 8, at 2105, Laws of Fla. Nevertheless, on November 28, 1998, the DHSMV issued Scinta a regular driver's license and subsequently renewed it when she requested such by mail. When the DHSMV realized its mistake in 2000, it issued Scinta a notice of cancellation of her license. The notice explained that her license had been permanently revoked and she was not entitled to a driver's license even for hardship purposes.
At the hearing on Scinta's petition for writ of certiorari, the circuit court stated that it did not have a problem with the DHSMV's cancellation of Scinta's license after the DHSMV discovered its mistake in issuing her the license. The court's concern was that Scinta had been denied the opportunity to apply for a hardship license because of the DHSMV's mistake. However, Scinta was issued a regular license on November 28, 1998, almost five months after the law changed on July 1, 1998. Scinta had not applied for a hardship license prior to July 1. Thus, the circuit court directed the DHSMV to afford Scinta a remedy which she herself did not pursue prior to the change in the law that foreclosed her from obtaining a hardship license. The DHSMV's mistake in issuing her a license almost five months after the law changed did not deprive Scinta *488 of the opportunity to apply for a hardship license before the law changed.
However, Scinta believes that because the Fifth District has found that the act which effected the change in the law is unconstitutional as a violation of the single subject requirement of article III, section 6 of the Florida Constitution, Dep't of Highway Safety & Motor Vehicles v. Critchfield, 805 So.2d 1034 (Fla. 5th DCA 2002), review granted, no. SC02-386 (Fla. Apr. 24, 2002), there is no impediment to her being able to now pursue the remedy directed by the circuit court. The Fourth District, however, has held that the single subject requirement was not violated by the change in the law. Sawyer v. State, 819 So.2d 966 (Fla. 4th DCA 2002). We find the reasoning of Sawyer more persuasive than that of Critchfield and certify conflict with Critchfield.
Accordingly, we hold that the circuit court exceeded its authority in directing that a remedy be afforded Scinta that was not authorized by law. That course of action constituted a miscarriage of justice. We grant the petition for writ of certiorari and quash the order of the circuit court. The DHSMV's final order of license cancellation is reinstated.
Petition for writ of certiorari granted; order of circuit court quashed; order of cancellation reinstated.
BLUE, C.J., and SILBERMAN, J., concur.