934 So.2d 17 (2006)
STATE of Florida, Appellant,
v.
Franklin Harrison ROTHAUSER, a/k/a Franklin Harrison Rothhauser, Appellee.
No. 2D04-5515.
District Court of Appeal of Florida, Second District.
April 5, 2006.
*18 Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellant.
Charles R. Mayer, Highland City, for Appellee.
ALTENBERND, Judge.
The State appeals an order dismissing the information that charged Franklin Harrison Rothauser with driving while his license was permanently revoked in violation of section 322.341, Florida Statutes (2004). The trial court dismissed the information on the belief that the statute was unconstitutional as a result of a single subject violation that occurred in the process of its enactment. See Fla. Dep't of Highway Safety & Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla.2003). Although the trial court would have been correct had the issue arisen in Illinois, Florida follows the "codification" rule under which a single subject violation during the enactment of a law is cured by the legislature's later act of adopting the law as an official statute that is published in the Florida Statutes. Because Mr. Rothauser allegedly violated this law after it had become an official statute, we must reverse the trial court's ruling and reinstate the information.
Section 322.341 was enacted by the legislature as section 13 of chapter 98-223 of the Laws of Florida. In 2002, the Fifth District held that this law was unconstitutional as a violation of the single subject requirement. Fla. Dep't of Highway Safety & Motor Vehicles v. Critchfield, 805 So.2d 1034 (Fla. 5th DCA 2002). The *19 Fourth District ruled that the statute was constitutional, and this court agreed with the Fourth District. Sawyer v. State, 819 So.2d 966 (Fla. 4th DCA 2002); Dep't of Highway Safety & Motor Vehicles v. Scinta, 828 So.2d 486 (Fla. 2d DCA 2002). Thereafter, the supreme court resolved the conflict by approving the Fifth District's decision and holding the statute unconstitutional. Critchfield, 842 So.2d 782. Thus, Mr. Rothauser would be correct that section 322.341 was unconstitutional at the time of his offense unless the defect in the law had been cured prior to that time.
By amending sections 11.2421 and 11.2422, Florida Statutes, the legislature regularly repeals every statute and simultaneously enacts a general revision of the laws of Florida and adopts those laws as the published "official statute law of the state under the title of `Florida Statutes (date).' " Although this process has traditionally occurred biennially, the 1999 amendment contained qualifying language that did not result in a reenactment of section 322.341, see ch. 99-10, Laws of Fla., and no enactment of a general revision occurred in 2001. The legislature did, however, formally adopt and enact the official statutes of Florida in 2003, including section 322.341. Ch.2003-25, Laws of Fla.
It has long been established in Florida that this legislative act of statutory adoption or codification cures any constitutional defect concerning the title of a law. State ex rel. Badgett v. Lee, 156 Fla. 291, 22 So.2d 804 (1945). The court in Badgett theorized that such an act, unconstitutional only due to a defect in title, was "not dead, only dormant." Id. at 806. By drawing a somewhat artificial distinction between a law and a statute, this reasoning permits a "dormant" law to be transformed into a valid statute by the legislative act of codification. The First District has already decided that another section of chapter 98-223 was legally activated by the passage of chapter 2003-25 in 2003. Dep't of Highway Safety & Motor Vehicles v. Fountain, 883 So.2d 300 (Fla. 1st DCA 2004). We must concur with the First District that the enactment of a "law," i.e. chapter 2003-25, transformed an earlier unconstitutional law, chapter 98-225, into a constitutional statute under the rule established in Badgett. Thus, section 322.341 became a valid statute on July 1, 2003, and was effective on the date of Mr. Rothauser's offense, June 28, 2004.
Mr. Rothauser's attorney, Charles R. Mayer, has properly and fully disclosed this controlling law to the court. In his brief, he confesses that he "would dearly love to fulminate against" this rule of law, but that the supreme court's precedent is binding. It is worth noting that Mr. Mayer has a point, and that at least one state supreme court agrees with him.
The single subject requirement in article III, section 6, of the Florida Constitution has three well-recognized purposes:
(1) to prevent hodge podge or "log rolling" legislation, i.e., putting two unrelated matters in one act; (2) to prevent surprise or fraud by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and (3) to fairly apprise the people of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon.
State ex rel. Flink v. Canova, 94 So.2d 181, 184 (Fla.1957) (citing Thomas M. Cooley, A Treatise on the Constitutional Limitations 141-46 (3d ed. 1874); see also State v. Thompson, 750 So.2d 643, 646 (Fla.1999) (citing Flink, 94 So.2d at 184)). Invariably, "logrolling" seems to be the first evil that courts and commentators rely upon in explaining the wisdom of this constitutional requirement, which is common in state constitutions. See State v. Johnson, 616 *20 So.2d 1 (Fla.1993); State v. Lee, 356 So.2d 276 (Fla.1978); State v. Leavins, 599 So.2d 1326 (Fla. 1st DCA 1992); see also Tim Nelson, A Victory for Judicial Restraint, 40 Ariz. Att'y 36 (2004); John J. Kulewicz, The History of the One-Subject Rule of the Ohio Constitution, 45 Clev. St. L.Rev. 591 (1997).
"Codification" rules or exceptions, like the one adopted in Badgett, delay the effective enactment of a law and give the public more time to discover the law and abide by it. Thus, a codification rule can be seen as a remedy for the third purpose of the single subject rule as explained in the above-quoted language. Arguably, such a rule serves some remedial function for the second purpose. But the wholesale reenactment of the laws of Florida by amending section 11.2421 is undeniably the ultimate act of logrolling; thus, it cannot serve as a remedy to cure logrolling.
In 1999, the Supreme Court of Illinois was urged by the State in a criminal proceeding to adopt a codification rule comparable to the rule in Iowa and Florida. People v. Reedy, 186 Ill.2d 1, 237 Ill.Dec. 74, 708 N.E.2d 1114 (1999). After a lengthy analysis of the issue, the court refused to adopt the codification rule, explaining, "In our view, a codification rule would unjustifiably emasculate the single subject rule in Illinois, and we, therefore, reject such a proposition." Id. at 1120.
Judicial remedies are often affected by the paradigm we use to make decisions. It is rare for lawyers or judges to envision a law or some other legal right or obligation as "dormant." More often, we think of legal rights or obligations being "void" or "voidable." If laws unconstitutionally enacted as a result of single subject violations were viewed as "void" from their inception, then it is obvious that they would need to be reenacted in a constitutional manner by a new bill with a single subject before they could ever be treated as constitutional.[1] If they were viewed as "voidable," then presumably any judicial determination voiding the law within an applicable period of time would require the legislature to reenact the law in a constitutional manner by a new bill with a single subject. Such reenactment has occasionally occurred in Florida.[2]See Martinez v. Scanlan, 582 So.2d 1167, 1172 (Fla.1991). On the other hand, so long as this constitutional violation is deemed to place the law into a dormant status, like a hibernating bear awaiting the spring, then the rule announced in Badgett has a degree of logic, even if it does not solve the primary evil intended to be addressed by the constitutional requirement of single-subject legislation. At this point, Florida law is controlled by the paradigm of dormancy, and we must reverse the trial court's order of dismissal.
Reversed and remanded.
SALCINES, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.
NOTES
[1] The disadvantage of viewing such unconstitutional laws as void from their inception is that a void law might logically be subject to challenge in court even years or decades after its enactment.
[2] An interesting example results from our decision in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), where we held that chapter 99-188 violated the single subject requirement. Before the supreme court reversed Taylor, see Franklin v. State, 887 So.2d 1063 (Fla.2004) (holding that chapter 99-188 does not violate the single subject requirement), the legislature divided most of chapter 99-188 into five separate bills. Chs.2002-208, 2002-209, 2002-210, 2002-211, 2002-212, Laws of Fla.