FULMER, Judge.
 

 Mark H. Johnson challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Johnson raised nine grounds in his motion. We affirm the denial of all grounds but two, four, and seven, which we reverse and remand for further consideration.
 

 Johnson was convicted of DUI manslaughter, DUI with serious bodily injury, and two counts of driving with license suspended or revoked. Johnson’s vehicle collided with another vehicle driven by Anthony Martin. Johnson alleges that he had been drinking prior to the accident but that he was not driving when it occurred. He contends that the driver was his girlfriend, Barbara Davis, who died from her injuries. Johnson alleges that Martin was the only witness to testify that Johnson had been driving.
 

 In Ground Two, Johnson alleged that his counsel was ineffective in failing to file a motion to sever the offenses because Johnson was prejudiced when the jury was confronted with Johnson’s driving history which was admitted to prove the driving on a suspended license counts. The post-conviction court denied this claim as legally insufficient because under Florida Rule of Criminal Procedure 3.150, offenses that are based on the same act or transaction may be joined. Thus, joinder was proper and counsel cannot be faulted for failing to raise a meritless issue.
 

 We reverse the denial of this claim because the postconviction court’s order overlooks the provision in Florida Rule of Criminal Procedure 3.152 that allows a motion for severance, even if the offenses were not improperly joined, if appropriate to promote a fair determination of guilt or innocence. The defense could have filed a motion to sever the driving on a suspended license counts.
 
 See State v. Wittman,
 
 794 So.2d 725 (Fla. 3d DCA 2001) (noting that driving on a suspended license charge was severed from DUI charges). Thus, because this claim is not refuted by the postconviction court’s order, we reverse and remand for further consideration.
 

 In Ground Four, Johnson alleged that his counsel was ineffective for failing to move for an independent toxicology expert on the basis that medical records showed that at the time of the accident
 
 *1284
 
 Martin was under the influence of cocaine and other drugs, which could have affected his ability to recall events and ability to drive. Johnson attached some of Martin’s medical records from the accident. The hospital discharge summary states that Martin was “cocaine-positive among other drugs” at the time of his admission and that “MHAR was consulted in that regard as well as Psychiatry.” The psychiatric notes indicate a diagnosis of cocaine abuse.
 

 In denying this claim, the postconviction court adopted the State’s response of November 8, 2007. The State asserted the jury was instructed to determine whether Johnson caused or contributed to the victim’s death. It asserted that, as to Martin’s ability to perceive, the record reflects that defense counsel brought out on cross-examination Martin’s driving on a suspended license, the time he had to observe, and that his memory was blurred by the trauma of the crash. It concludes: “Given that the record refutes that Mr. Martin bore
 
 sole
 
 responsibility as noted supra, the Defendant should not be allowed to advance a hindsight argument that more cross-examination on this subject would somehow have caused a different result.”
 

 We reverse for an evidentiary hearing-on this ground because we are unable to say that there is no prejudice where Johnson alleged that Martin was the only witness to say that Johnson was driving and the jury did not hear that Martin was intoxicated with cocaine and other drugs at the time of the accident. Because this information could have affected the jury’s view of Martin’s ability to recall who was driving Johnson’s vehicle, the State’s response does not conclusively refute the claim.
 

 In Ground Seven, Johnson alleges that his counsel was ineffective in failing to keep out (1) opinion testimony as to who was driving and (2) Johnson’s prior traffic convictions, which were both the subject of motions in limine. The postconviction court’s order addresses only the first part of this claim. The court attached a trial excerpt showing that defense counsel objected and moved for mistrial when a witness gave a nonresponsive answer giving his opinion that Johnson was the driver. This excerpt refutes the allegation that counsel failed to object to the testimony. However, the court’s order does not address the second allegation. Therefore, we reverse for the postconviction court to address the second allegation of Ground Seven.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 NORTHCUTT and KHOUZAM, JJ., Concur.