PER CURIAM.
Thomas J. Allen appeals an order summarily denying his rule 3.850 motion. We reverse as to his second ground and otherwise affirm.
Defendant was charged with (I) DUI— impairment, with three priors; and (II) refusal to submit to testing, with one prior. Following a jury trial, he was found guilty as charged on both counts.
In the second ground of his motion, he claimed his trial counsel was ineffective for failing to sever the refusal count from the DUI count, such failure being tantamount to informing the jury that he had a prior DUI, because the predicate for the refusal charge was a prior refusal. A trial court should sever charges “before trial on a showing that the severance is appropriate to promote a fair determination of the defendant’s guilt or innocence of each offense.” Fla. R.Crim. P. 3.152(a)(2)(A) (2009). “Courts have recognized that the danger of improper consolidation lies in the fact that evidence relating to each of the crimes may have the effect of bolstering the proof of the other.” Dupree v. State, 705 So.2d 90, 95 (Fla. 4th DCA 1998) (citing Crossley v. State, 596 So.2d 447, 450 (Fla.1992)). The presumption of innocence may be destroyed by proof of a similar related offense. State v. Harbaugh, 754 So.2d 691, 693 (Fla.2000).
Because Defendant did not have a direct appeal, the record did not contain a transcript of the trial. The state conceded that, without a transcript, it could not determine whether Defendant’s trial counsel had made a strategic decision not to request severance of the refusal charge from the DUI charge, and thus an evidentiary hearing was needed on this ground for relief.
*193 The trial court rejected the state s concession. It pointed out that a “pros and cons” list, which Defendant had attached to his motion as exhibit A, demonstrating what Defendant and counsel discussed in deciding whether to plead or proceed to trial, showed that counsel was aware of the problem of not severing the counts, because the list included, as a negative, “jury will know priors b/c felony count.” (Ex. 1 to order; Defendant’s ex. A)[1] Based on Defendant’s argument and his exhibit A, the trial court found that trial counsel considered severing the counts but took the strategic course of rejecting doing so. The only question was whether that course was unreasonable. Based on the evidence of Defendant’s DUI, through the video of his attempting to complete the field sobriety tests or the testimony of the officers, the trial court concluded that counsel’s decision not to sever was reasonable. Furthermore, given the compelling evidence against Defendant, even if counsel’s failure to sever constituted a deficiency, Defendant could not show that it had any conceivable effect on the outcome of the proceeding. The trial court did not attach to the order any portions of a trial transcript showing the testimony of the state’s witnesses against Defendant.
One of the elements the state must prove to establish a violation of section 316.1939, Florida Statutes (2008), refusal to submit to testing, is the following:
6. (Defendant’s) driving privilege had been previously suspended for a prior refusal to submit to a lawful test of [his][her] [breath] [blood] [urine].
Fla. Std. Jury Instr. (Crim.) 28.13 (2009).
Florida Standard Jury Instruction (Crim.) 28.2 (2009), concerning the offense of felony DUI, provides that the jury first is instructed on the elements of DUI; then, if it finds the defendant guilty, the jury is required to determine, in a bifurcated procedure, whether the state proved the prior convictions. Harbaugh, 754 So.2d at 693.
We conclude that ground two constituted a facially sufficient ground for relief and remand for either the attachment of additional portions of the record conclusively refuting the claim or an evidentiary hearing. See Johnson v. State, 14 So.3d 1282, 1283 (Fla. 2d DCA 2009) (reversing in part summary denial of rule 3.850 motion, including ground alleging counsel was ineffective for failing to sever charges, even if properly joined, where counsel failed to move to sever DUI counts from driving on a suspended license counts, which caused jury to be confronted with Johnson’s driving history, admitted to prove the driving on suspended license counts).
We affirm the summary denial of Defendant’s other two grounds without further discussion.

Affirmed in Part, Reversed in Part, and Remanded.

DAMOORGIAN, GERBER and LEVINE, JJ., concur.

. In a footnote, Defendant conceded that the pros and cons list contained, as a negative, that the jury would know about the priors because he was charged with a felony DUI; however, he took the position that most jury panels would not include a juror who knew that, for a DUI to be prosecuted in circuit court, the defendant must have had prior DUI convictions.