828 So.2d 1062 (2002)
Brad CANTRALL, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 2D01-3171.
District Court of Appeal of Florida, Second District.
October 23, 2002.
Victor C. Krumm of Law Office of Victor C. Krumm, P.A., Sarasota, for Petitioner.
Enoch J. Whitney, General Counsel, and Michael J. Alderman, Assistant General Counsel, Tallahassee, for Respondent.
BLUE, Chief Judge.
Brad Cantrall petitions this court for a writ of certiorari to quash the order of the circuit court, which denied certiorari and refused to quash an order by the Department of Highway Safety and Motor Vehicles cancelling his driver's license. We deny the petition.
Cantrall's driver's license was revoked in August 1988 after his fourth conviction for driving under the influence (DUI). At that time, section 322.271(4), Florida Statutes (1987), provided that he could apply for a driver's license after ten years if he met certain conditions, such as no intervening convictions requiring mandatory license revocation. Effective July 1, 1998, however, the legislature amended section 322.271(4) and removed the language that would have allowed a four-time DUI offender to obtain a driver's license. Ch. 98-223, Laws of Fla.
*1063 In 1999, Cantrall applied for, and received, a driver's license. The Department subsequently revoked his driver's license pursuant to section 322.22, Florida Statutes (1999), which states that the Department is authorized "to cancel any license, upon determining that the licensee was not entitled to the issuance thereof." Cantrall sought certiorari review of the Department's order, which the circuit court, sitting in its appellate capacity, denied. In this second-tier certiorari, Cantrall asks this court to quash the circuit court's order and require the Department to reinstate his driver's license.
A two-part inquiry is required before granting second-tier certiorari relief: first, whether the circuit court afforded procedural due process; and second, whether it departed from the essential requirements of the law, which is a violation of a clearly established principle of law resulting in a miscarriage of justice. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995). Cantrall was afforded notice and an opportunity to be heard before the circuit court; therefore, he received procedural due process. He argues that the circuit court violated a clearly established principle of law by applying the 1998 statute, instead of the 1987 statute, to his 1999 application. We reject this argument.
Florida follows the general rule that a change in a licensure statute that occurs during the pendency of an application for licensure is operative as to the application, so that the law as changed, rather than as it existed at the time the application was filed, determines whether the license should be granted. In Ziffrin [Inc. v. United States, 318 U.S. 73, 63 S.Ct. 465, 87 L.Ed. 621 (1943) ], the United States Supreme Court reasoned that just as a change in the law between a [jury trial] and an appellate decision requires the appellate court to apply the changed law, so, by like token, a change of law pending an administrative hearing or act must be followed in relation to a permit for the doing of a future act. Otherwise, said the [C]ourt, the administrative body would be issuing a permit contrary to existing legislation.
Lavernia v. Dep't of Prof'l Regulation, Bd. of Med., 616 So.2d 53, 53-54 (Fla. 1st DCA 1993) (citations omitted).
By applying the law in effect at the time of Cantrall's application and the time of the Department's decision, the circuit court did not depart from the essential requirements of the law.
Petition denied.
DAVIS and KELLY, JJ., Concur.