842 So.2d 782 (2003)
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Robert P. CRITCHFIELD, Appellee.
No. SC02-386.
Supreme Court of Florida.
March 13, 2003.
Rehearing Denied June 11, 2003.
*783 Charles J. Crist, Jr., Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, FL, for Appellant.
Michael J. Snure of Kirkconnell, Lindsey, Snure and Yates, P.A., Winter Park, FL, for Appellee.
PER CURIAM.
We have on appeal a decision of a district court of appeal declaring invalid a state statute. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.
The facts as stated by the Fifth District Court of Appeal are:
The Department of Highway Safety and Motor Vehicles (DHSMV) appeals from a final judgment entered in favor of Robert Critchfield. The trial court granted summary judgment for Critchfield, and held Chapter 98-223, Laws of Florida, violates the single subject rule in Article III, section 6 of the Florida Constitution. Based on this holding, Critchfield was found not legally barred from applying for a hardship driver's license despite four convictions for DUI.
Critchfield received his fourth DUI conviction in 1987. His driver's license was permanently revoked. At the time of sentencing, Critchfield was informed that he would be eligible for a hardship license after five years.
Critchfield applied in 1999 but was told he was no longer eligible due to a change in the law. That change was made by section 8 of Chapter 98-223, Laws of Florida, effective July 1, 1998 which provided:
The department shall forthwith revoke the license or driving privilege of any person upon receiving a record of such person's conviction of any of the following offenses:
(1) (a) ... [A] fourth violation of s. 316.193 or former s. 316.1931. For such cases, the revocation of the driver's *784 license or driving privilege shall be permanent. (Emphasis original).
On April 4, 2000, Critchfield brought a two-count complaint for declaratory relief. Count two alleged Chapter 98-223 is unconstitutional as it encompassed more than one subject in violation of the single subject requirement of the Florida Constitution. The trial court granted Critchfield's motion for summary judgment on the basis of the single subject rule....
Chapter 98-223 contains 15 sections of which 13 are substantive.[n] Section 1 creates section 832.09, Florida Statutes to provide for suspension of a driver's license for failure to appear before the court in connection with prosecution for passing a worthless check. Section 2 creates section 832.10, Florida Statutes to provide that a payee on a worthless check may place the check for collection by a private debt collector prior to presenting the check to the state attorney for prosecution and that the payee may recover reasonable collection fees. Section 3 creates section 322.251, Florida Statutes to provide for notice to a licensee whose driving privilege is suspended pursuant to section 832.09. Section 4 adds a subsection to section 322.142, Florida Statutes to provide for the DHSMV to sell copies of photographs or digital imaged driver's licenses under certain circumstances. Section 6 amends section 318.18(3), Florida Statutes to increase the fines for speeding. Section 7 amends section 320.07(3), Florida Statutes which deals with expiration of license plates. Section 8 amends section 322.26, Florida Statutes which deals with mandatory revocation of driver's licenses. Section 9 amends section 322.271, Florida Statutes, which deals with petitions for reinstatement of driving privileges. Section 10 deals with amendments to section 322.28, Florida Statutes, concerning the period of suspensions and revocations of driver's licenses. Section 11 creates section 322.28, Florida Statutes relating to the commencement of the period of suspension or revocation of driver's licenses for incarcerated offenders while section 12 amends section 322.34, Florida Statutes dealing with driving while license suspended, revoked, canceled or disqualified. Section 13 creates section 322.341, Florida Statutes which makes it a third degree felony to drive while a license is permanently revoked. Finally, section 14 amends section 627.733, Florida Statutes which deals with suspension of a motor vehicle registration for lack of required security.
[n.] Section 5 appropriates $35,000; section 15 provides an effective date.
Department of Highway Safety & Motor Vehicles v. Critchfield, 805 So.2d 1034, 1035-36 (Fla. 5th DCA 2002).
The district court affirmed the trial court's grant of summary judgment for Critchfield. The district court found that the subject matter in chapter 98-223, Laws of Florida, involved "driver's licenses, vehicle registrations and operation of motor vehicles." Id. at 1038. The district court held, however, that "[s]ection 2 [of chapter 98-223, Laws of Florida] lacks a logical or natural connection to driver's licenses, registrations or operation of motor vehicles which are the subject matter of Chapter 98-223."[1]Id. Because section *785 2 lacked a logical or natural connection to the subject matter of chapter 98-223, the district court affirmed the trial court's judgment invalidating chapter 98-223 based upon a violation of the constitutional single subject requirement.[2]
Article III, section 6 of the Florida Constitution provides, in pertinent part, that "[e]very law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title." This portion of the Florida Constitution is referred to as "the single subject rule." In Martinez v. Scanlan, 582 So.2d 1167 (Fla.1991), this Court stated:
The purpose of this constitutional prohibition against a plurality of subjects in a single legislative act is to prevent "logrolling" where a single enactment becomes a cloak for dissimilar legislation having no necessary or appropriate connection with the subject matter. The act may be as broad as the legislature chooses provided the matters included in the act have a natural or logical connection.
Id. at 1172 (citation omitted).
We agree with the district court and circuit court below that chapter 98-223 violates the single subject rule. Section 2 of the law, which involves assigning bad check debt to a private debt collector, has no natural or logical connection to the law's subject matter, which is driver's licenses, operation of motor vehicles, and vehicle registrations. The subject matter of chapter 98-223 was defined in part by the substantial revisions to House Bill 3275, which created chapter 98-223. When House Bill 3275 was sent to the Senate for consideration, the substantive provisions of the bill related to worthless checks and drivers' licenses. See Fla. HB 3275 (1998) (Second Engrossed). The Senate returned the bill to the House after adopting an amendment, which added the language that eventually became sections 6 through 14 of chapter 98-223. See Fla. S. *786 Jour. 1163-66 (Reg.Sess.1998). Sections 6 through 14 involve vehicle registrations, drivers' licenses, and civil penalties for speeding fines. Sections 6 through 14 do not relate to worthless checks, and therefore, the overall focus of the bill was shifted from worthless checks to drivers' licenses, vehicle registrations, and the operation of motor vehicles. The House approved the amended bill as sent to it by the Senate on April 30, 1998, one day before the close of the regular legislative session. See Fla. H.R. Jour. 1937-1940 (Reg.Sess. 1998).
The addition of sections 6 through 14 changed the subject of the bill, as stated by the district court below, to "driver's licenses, vehicle registrations and operation of motor vehicles." Critchfield, 805 So.2d at 1038. Section 2 of chapter 98-223 involves assigning the collection of bad check debt to a private debt collector and has no natural or logical connection to driver's licenses, operation of motor vehicles, or vehicle registrations. Thus, we conclude that chapter 98-223 violates the single subject rule.
This Court's precedent supports our conclusion. In State v. Thompson, 750 So.2d 643, 644 (Fla.1999), this Court held that chapter 95-182, Laws of Florida, violated the single subject rule because the law addressed two different subjects: domestic violence and career criminals. This Court analyzed the legislative history of the Senate bill which enacted the law, noting that the Legislature amended the bill several times, changed its title, and passed it near the end of the regular legislative session. See id. at 648. This Court stated that single subject rule problems "are most likely to occur" under these circumstances. Id. (quoting Thompson v. State, 708 So.2d 315, 317 (Fla. 2d DCA 1998)). Similar to the legislative history of chapter 95-182, the legislative history of chapter 98-223 indicates that the Legislature unconstitutionally combined two subjects into one law.
This Court's decision in State v. Johnson, 616 So.2d 1, 4 (Fla.1993), also supports our conclusion that chapter 98-223 violates the single subject rule. In Johnson, this Court held that a chapter law violated the single subject rule by combining the subject of habitual offenders with the subject of licensing private investigators. See id. Similarly, chapter 98-223 improperly combines the subject of assigning the collection of bad check debt to a private debt collector with the subject of driving, motor vehicles, and vehicle registration.
The argument of the Department of Highway Safety and Motor Vehicles (DHSMV) that section 2 correlates directly to sections 1 and 3 of chapter 98-223 does not consider section 2's complete lack of correlation to sections 6 through 14. Also unavailing is DHSMV's cite to Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 699 (Fla.1969). In Doran, this Court rejected a single subject challenge to a statute that provided criminal penalties and injunctive relief as enforcement provisions to an open meetings requirement. However, there is clearly a natural or logical connection between establishing a requirement and then providing measures to enforce that requirement. There is no similar connection between assigning bad check debt to a private collector and drivers' licenses, vehicle registrations, and motor vehicle operation.
Accordingly, we affirm the decision below and hold that chapter 98-223 violates article III, section 6 of the Florida Constitution.
It is so ordered.
*787 ANSTEAD, C.J., PARIENTE, LEWIS, and QUINCE, JJ., and SHAW, Senior Justice, concur.
CANTERO, J., dissents with an opinion, in which WELLS, J., concurs.
CANTERO, J., dissenting.
I disagree that chapter 98-223, Laws of Florida, violates the single subject requirement of article III, section 6 of the Florida Constitution. I would adopt the Fourth District's reasoning in Sawyer v. State, 819 So.2d 966 (Fla. 4th DCA 2002), and find that chapter 98-223 is constitutional.
Article III, section 6, commonly known as the single subject rule, provides that "[e]very law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title." As the majority acknowledges, the purpose of this requirement "is to prevent `logrolling' where a single enactment becomes a cloak for dissimilar legislation having no necessary or appropriate connection with the subject matter." Martinez v. Scanlan, 582 So.2d 1167, 1172 (Fla.1991).
We have previously warned that doubts about whether a law meets the single subject requirement should be resolved in favor of a statute's validity. See State v. McDonald, 357 So.2d 405, 407 (Fla.1978). In fact, in interpreting the identical provision of the 1885 Constitution, we noted that the presumption is in favor of constitutionality, and that to overcome that presumption, the invalidity must appear beyond a reasonable doubt. See State ex rel. Flink v. Canova, 94 So.2d 181, 184-85 (Fla.1957). In furtherance of that policy, we have held that the act "may be as broad as the legislature chooses provided the matters included in the act have a natural or logical connection," Martinez, 582 So.2d at 1172, and that the single subject requirement is satisfied "if a `reasonable explanation exists as to why the legislature chose to join the two subjects within the same legislative act.'" Grant v. State, 770 So.2d 655, 657 (Fla.2000) (quoting State v. Johnson, 616 So.2d 1, 4 (Fla. 1993)).
A full understanding of the single subject requirement for legislative enactments requires examination of the same requirement in article XI, section 3, for initiative petitions. Regarding legislative enactments, we have "taken a broad view." Fine v. Firestone, 448 So.2d 984, 988 (Fla. 1984). In Fine, we explained that "the language `shall embrace but one subject and matter properly connected therewith' in article III, section 6, regarding statutory change by the legislature is broader than the language `shall embrace but one subject and matter directly connected therewith,' in article XI, section 3, regarding constitutional change by initiative." Id. at 988-89. Likewise, "we should take a broader view of the legislative provision because in that process there was an opportunity for legislative debate and public hearing which was not available under the initiative scheme for constitutional revision." Smith v. Dept. of Ins., 507 So.2d 1080, 1085 (Fla.1987).
Applying these guidelines, as well as the principle that doubts should be resolved in favor of a statute's validity, see McDonald, 357 So.2d at 407, I would conclude that chapter 98-223 does not violate the single subject rule for the following reasons.
Chapter 98-223 contains thirteen substantive sections. Twelve sections concern drivers' licenses. The suspect section, which became section 832.10(1), Florida Statutes, is section 2, entitled, "Violations Involving Checks and Drafts." It involves assigning bad checks to a private debt collector. Although at first glance it may appear to address a subject different from *788 drivers' licenses, a reasonable explanation exists for joining it with the rest of the act. First, the act adds or amends statutory language in both chapter 832, Florida Statutes, entitled "Violations Involving Checks and Drafts," and chapter 322, Florida Statutes, entitled "Driver's Licenses." In its title, chapter 98-223 explains that one of its purposes is to provide for the suspension of drivers' licenses for those who pass worthless checks. Chapters 832 and 322 are related in that section 832.09 provides for suspension of drivers' licenses pursuant to section 322.251. Second, section 2 is clearly related to sections 1 and 3. Section 1 provides for the suspension of a driver's license after a warrant or capias is issued for passing a worthless check, while section 2 allows the recipient of a bad check to attempt to collect the debt before filing a criminal complaint (which would result in a license suspension). Section 3 provides details about notice and other matters involving the suspension of drivers' licenses for passing worthless checks.
Thus, a natural or logical connection exists between section 2 and the rest of the act. There can be no legitimate fear that section 2 was enacted through logrolling, the prevention of which is the purpose of the single subject requirement. I would conclude that chapter 98-223 does not violate that requirement.
WELLS, J., concurs.
NOTES
[1] Section 2 states:

Section 2. Section 832.10, Florida Statutes, is created to read:
832.10 Alternative to bad check diversion program; fees for collection.
(1) Prior to presenting a complaint about a dishonored check to a state attorney, a payee on such bad check may place or assign the debt evidenced by the bad check for collection pursuant to this section by a private debt collector registered under part VI, chapter 559, Florida Statutes.
(2) Upon such placement or assignment the payee shall be entitled to add a collection fee to offset the cost of collection. This collection fee is in addition to the bad check service charges authorized by law. The collection fee payable to the debt collector shall be a reasonable fee in accord with industry standards, based upon the total amount collected.
(3) Unless extended by the payee, the debt collector shall have 90 days from the date of placement or assignment of the debt for collection within which to collect the amount of the bad check, applicable bad debt charges, and the collector's collection fee. Upon the expiration of such 90 day period and any extensions thereof, the payee then may present a complaint to the appropriate state attorney. The debt collector may continue to try to collect the debt, provided such collection effort does not impede the prosecution or other disposition of the case by the state attorney.
(4) The debt collector may not compromise the amount to be collected without the express consent of the payee of the check. The debt collector shall remit to the payee the amount collected less the collector's fee percentage on the total amount collected.
(5) The use of such debt collector shall not affect the authority of the state attorney to prosecute any person for any violation of s. 832.04, s. 832.041, s. 832.05, or s. 832.06. The use of this section by a payee on a bad check shall not affect the rights of the payee, other than as set forth in this section, to present a complaint to the appropriate state attorney.
Ch. 98-223, § 2, at 2101-02, Laws of Fla. (emphasis indicates text added to the Florida Statutes).
[2] The district court also found that chapter 98-223 had not been reenacted and therefore was still subject to single subject challenge. See id.