PER CURIAM.
In 1995, Michael Hollahan’s driver’s license was revoked after his fourth conviction for driving under the influence. He applied to the Department of Highway-Safety and Motor Vehicles for reinstatement of his license but the application was denied based upon section 322.28(2)(e), Florida Statutes. That statute was amended in 1998 so that reinstatement of driving privileges was no longer permitted in these circumstances. See Ch. 98-223, § 9, Laws of Florida.
Hollahan sought relief in the Circuit Court for Duval County by filing a petition for writ of certiorari. The court concluded that the department must have applied the pre-1998 version of the statute because a hearing was held and no such hearing would have been necessary under the later version of the statute in light of Hollaharis stipulation to the correctness of his driving record. It further found that the department’s decision to deny the application was not based on competent and substantial evidence.
For review of the circuit court’s order, the department seeks a writ of certiorari from this court. After the filing of the petition, the department filed its motion for remand based on the decision in Florida Department of Highway Safety and Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla.2003), where Chapter 98-223, Laws of Florida, was found to be in violation of the single subject requirement of the Florida Constitution. Hollahan states that he has no objection to the motion.
It is not entirely clear from the record before us that the outcome which the parties now agree is appropriate is that which was ordered by the circuit court. Accordingly, we grant the petition and quash the circuit court’s order of August 8, 2002, and remand to that court for proceedings consistent with Critchfield.
PETITION GRANTED.
BOOTH, VAN NORTWICK and LEWIS, JJ., concur.