855 So.2d 1253 (2003)
Woodrow SORRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2050.
District Court of Appeal of Florida, Fourth District.
October 15, 2003.
*1254 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for Appellee.

ON MOTION FOR REHEARING AND CLARIFICATION
GROSS, J.
We grant the State's motion for rehearing and clarification, withdraw our previous opinion, and substitute the following.
Woodrow Sorrell appeals his conviction of driving while his license was permanently revoked, contrary to section 322.341, Florida Statutes (2001).[1],[2] Although we reject appellant's attacks upon the evidence at trial, we reverse appellant's conviction in light of Florida Department of Highway Safety & Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla.2003).
Contrary to appellant's argument, at the non-jury trial, the state proved by competent evidence that appellant's license had been revoked. A copy of his driving record was properly admitted pursuant to section 322.201, Florida Statutes (2001). Notice of the revocation was established pursuant to section 322.251(2), Florida Statutes (2001). See State v. Tucker, 832 So.2d 218, 218-19 (Fla. 2d DCA 2002) (holding that computerized driving record is sufficient to establish a prima facie case that defendant's driver's license has been revoked, and that indication of notice in record is sufficient evidence that the defendant received notice of the revocation); Rodgers v. State, 804 So.2d 480, 483 (Fla. 4th DCA 2001).
It was not necessary for the state to prove at trial the DUI convictions which formed the basis for the license revocation. Appellant cites to cases under the DUI statute, where previous convictions constitute an element of the crime charged.[3]See Jackson v. State, 788 So.2d 373, 374 (Fla. 4th DCA 2001) review denied, 807 So.2d 654 (Fla.2002); Coyne v. State, 775 So.2d 969, 969-70 (Fla. 4th DCA 2000) (holding that jury must consider whether the defendant has been convicted of the *1255 three prior DUIs before concluding the defendant is guilty of felony DUI). Here, it is the existence of the revocation which is an element of the crime charged, not the prior DUI convictions.
Confronting a statute similar to the one at issue in this case, this court has disposed of an argument identical to the one appellant makes here. Section 322.34(5), Florida Statutes (2001), prohibits driving while license is suspended (DWLS) as an habitual offender. See Rodgers, 804 So.2d at 483. We held in Rodgers that the statute did
not involveas an element of the crimea finding that the motorist has been convicted on three separate occasions of DWLS. Instead it involves driving a motor vehicle on the public highways of Florida at a time when DMV has revoked the motorist's license and given notice of the revocation. Thus it is not necessary for the state to prove each separate conviction of DWLS which DMV relied on in revoking the license.
Id. (emphasis added). We wrote in Rodgers,
[t]o sum up the requirements for a conviction under section 322.34, the statute as written by the Legislature merely makes it necessary for the state to prove by competent evidence that DMV maintains a record on the motorist, that its record shows the requisite three separate DWLS convictions within a 5 year period, and that DMV gave the motorist the statutory notice. These statutes permit the state to make this proof by presenting a certified copy of the motorist's driving record maintained by DMV. That is what the state did in its prosecution in this case. Hence the state made out a prima facie case, which allowed the trier of fact to find defendant guilty of the section 322.34(5) violation.
Id.; see also State v. Fields, 809 So.2d 99, 101 (Fla. 2d DCA 2002) (following Rodgers ). Because the statute in Rodgers is so similar to section 322.341, Rodgers compels the conclusion that in this case the state made a prima facie case by introducing a copy of the driving record which showed the requisite permanent revocation on its face.[4]
It is appellant's second argument that has merit. In Critchfield, the supreme court declared that Chapter 98-223, Laws of Florida, violated the single subject rule in Article III, Section 6 of the Florida Constitution. Section 13 of Chapter 98-223 created the crime at issue in this case, driving under a permanent license revocation, a third degree felony.
The supreme court's decision turned on section 2 of Chapter 98-223, which created section 832.10, involving a payee's placement of a worthless check for collection by a private debt collector prior to presenting the check to the state attorney for prosecution. The supreme court wrote that section 2 had "no natural or logical connection to driver's licenses, operation of motor vehicles, or vehicle registrations. Thus, we conclude that chapter 98-223 violates the single subject rule." Critchfield, 842 So.2d at 786.
Because chapter 98-223, the statute creating section 322.341, is unconstitutional, appellant cannot be convicted of that *1256 crime. See McCormick v. State, 826 So.2d 476, 477 (Fla. 5th DCA 2002).
The next question is what happens to this case once section 322.341 is declared unconstitutional, rendering that count of the information a non-existent crime. At the non-jury trial, the state did not request the trial judge to consider any lesser included offenses.[5] We hold that the defendant may be retried for "any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the ... information and is supported by the evidence." Fla. R.Crim. P. 3.510(b).
At first blush, it might appear that State v. Gibson, 682 So.2d 545 (Fla.1996), followed upon remand, 685 So.2d 76, 77 (Fla. 1st DCA 1996), would control. Gibson involved a criminal offense which only became "non-existent" when the supreme court decided State v. Gray, 654 So.2d 552 (Fla.1995). See State v. Wilson, 680 So.2d 411, 412 (Fla.1996). Here, section 322.341 became similarly non-existent when the supreme court decided in Critchfield that Chapter 98-223 failed to meet constitutional muster.
In Gibson, the supreme court held that where a defendant was convicted at trial of a non-existent crime, the defendant could be retried only for those lesser offenses instructed upon at trial. The court reasoned that any offense not instructed at trial was a "related offense" that must be dismissed by application of Florida Rule of Criminal Procedure 3.151(c), which provides:
(c) Dismissal of Related Offenses after Trial. When a defendant has been tried on a charge of 1 of 2 or more related offenses, the charge of every other related offense shall be dismissed on the defendant's motion unless a motion by the defendant for consolidation of the charges has been previously denied, or unless the defendant has waived the right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.
The crucial distinction between this case and Gibson is that this case involved not a jury, but a non-jury trial.
In a jury trial, the only way that a defendant can be "tried on a charge" within the meaning of rule 3.151(c) is for the jury to be instructed on a charge, so that the charge becomes a potential verdict.
In a non-jury trial, a lesser included offense does not become injected into a trial because of a jury charge or verdict form. A defendant is "tried" within the language of rule 3.151(c) on a lesser charge in a non-jury trial if a conviction on the lesser charge is one of the outcomes permitted by Florida Rule of Criminal Procedure 3.510.
The trial judge has the inherent power to find a defendant guilty of a lesser included offense. We acknowledged this power in Payne v. State, 275 So.2d 261, 262 (Fla. 4th DCA 1973), an appeal from a non-jury trial where we observed that both *1257 Florida Rule of Criminal Procedure 3.510 and "case construction" allowed a defendant to be convicted of a lesser included offense. In F.N. v. State, 745 So.2d 1149, 1151 (Fla. 4th DCA 1999), we assumed that Rule 3.510 applied to non-jury trials when we wrote that Florida Rule of Juvenile Procedure 8.110(j) gives "the trial judge the same options for finding a defendant guilty of a lesser included offense as does Rule 3.510." Rule 3.510 thus allows a judge to find a defendant guilty of an attempt to commit an offense and of lesser included offenses.
We have found no authority for the proposition that in a non-jury trial a judge may find a defendant guilty of a lesser included offense only when the parties argue to the court that guilt on a lesser charge is a potential outcome. Unlike a jury, a judge is presumed to know of all lesser included offenses.
The judgment and sentence for the conviction of section 322.341 are reversed. The case is remanded for a new trial on any offense that falls under rule 3.510(b).
POLEN and WARNER, JJ., concur.
NOTES
[1] Section 322.341 provides:

Any person whose driver's license or driving privilege has been permanently revoked... and who drives a motor vehicle upon the highways of this state is guilty of a felony of the third degree....
[2] Sorrell was convicted of other crimes at trial which are not at issue on this appeal.
[3] Section 316.193(2)(b)1., Florida Statutes (2001) provides that:

Any person who is convicted of a third violation of this section for an offense that occurs within 10 years after a prior conviction for a violation of this section commits a felony of the third degree....
[4] We note that the proper remedy for a person who feels that his or her driver's license was improperly revoked is to have the record corrected, "not to ignore the revocation and continue to drive." Arthur v. State, 818 So.2d 589, 591 (Fla. 5th DCA 2002).
[5] Driving without a valid driver's license contrary to section 322.03(1), Florida Statutes (2001) is a necessarily lesser included offense of section 322.341. We arrive at this conclusion by applying Hagood v. State, 824 So.2d 252 (Fla. 4th DCA 2002). In that case, we held that driving without a valid driver's license contrary to section 322.03(1) was a necessarily lesser included offense of driving with a revoked license under section 322.34(5), Florida Statutes (2000). As noted above, section 322.34(5) is similar to section 322.341.