VILLANTI, Judge.
The Department of Highway Safety and Motor Vehicles (the Department) petitions this court for a writ of certiorari to quash the circuit court’s order determining that the administrative hearing officer had insufficient evidence to deny Robert Bailey’s application for a hardship driving permit and ordering the Department to reinstate Bailey’s license. Because the circuit court exceeded its scope of review by ordering that Bailey’s license be reinstated, we grant the Department’s petition, quash the circuit court’s order, and remand with instructions.
Bailey’s license was permanently revoked after he acquired his fourth conviction, in 1991, for driving under the influence (DUI). In 2001, Bailey sought a hardship driving permit, which the Department denied in light of the 1998 amendments to chapter 322, Florida Statutes, which precluded a person having four or more DUI convictions from ever obtaining a hardship permit.[1] However, the Department was unable to locate a certified copy of Bailey’s 1975 DUI conviction; therefore, it had certified records of only three DUI convictions and one computerized driving record. Nevertheless, the Department denied Bailey’s permit request, and Bailey thereafter petitioned the circuit court for a writ of certiorari. The circuit court granted the petition, determining that the hearing officer had insufficient evidence to sustain the permanent revocation of Bailey’s license. The circuit court also ordered the license reinstated.
When the circuit court entered its order, the supreme court had not yet decided Florida Department of Highway Safety & Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla.2003). Therefore, the circuit court’s focus appropriately was on whether the Department’s computerized driving record, without a certified record of conviction, was sufficient evidence of a DUI conviction to deny Bailey’s hardship license. Because the Critchfield decision makes the circuit court’s analysis on this issue moot, we do not discuss whether the circuit court *49 applied the correct law in determining the computerized driving record was not sufficient evidence of Bailey’s conviction.[2] It is clear that, in light of Critchfield, even if the computerized driving record is sufficient evidence of Bailey’s DUI conviction, Bailey may still apply for a hardship permit. See Jackson v. Dep’t of Highway Safety & Motor Vehicles, 848 So.2d 1165, 1165 (Fla. 2d DCA 2003) (citing Henderson v. Antonacci, 62 So.2d 5 (Fla.1952), for the proposition that when an amended statute is declared unconstitutional, the statute stands as it was prior to the amendment).
However, the circuit court did exceed the scope of certiorari review when it ordered the Department to reinstate Bailey’s license. The circuit court’s review should have been limited to whether the hearing officer afforded Bailey procedural due process and observed the essential requirements of the law and whether the administrative findings were supported by competent, substantial evidence. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); Vichich v. Dep’t of Highway Safety & Motor Vehicles, 799 So.2d 1069, 1073 (Fla. 2d DCA 2001). From the record before us, it is unclear whether the hearing officer made any factual findings other than that Bailey had four DUI convictions. On remand, the circuit court must determine, in light of the criteria set out in section 322.271(4), Florida Statutes (1997), whether the hearing officer’s findings were supported by competent, substantial evidence and whether, in light of those findings, the hearing officer abused his discretion in denying Bailey’s hardship permit.[3]
Therefore, we grant the Department’s petition, quash the circuit court’s order, and remand for the circuit court to determine whether the hearing officer’s denial of Bailey’s permit amounted to an abuse of discretion. Alternatively, if the record does not contain the factual findings relevant to Bailey’s eligibility for a hardship permit under former section 322.271(4), the circuit court should order the hearing officer to enter an appropriate order or hold another hearing to make the necessary findings in light of this opinion.
Petition for writ of certiorari granted, order quashed, and case remanded for further proceedings.
DAVIS and CANADY, JJ., concur.

. The Florida Supreme Court has since determined that this amendment is unconstitutional as a violation of the "single subject” rule of the Florida Constitution. Fla. Dep't of Highway Safety & Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla.2003).

.We review the circuit court’s order to determine whether it afforded the Department procedural due process and applied the correct law. See Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003); Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); State, Dep’t of Highway Safety & Motor Vehicles v. Porter, 791 So.2d 32 (Fla. 2d DCA 2001) (stating the appropriate standard for second-tier certiorari review by a district court).

.Section 322.271(4)(a), Florida Statutes (1997), requires a petitioner for a hardship permit to demonstrate that he or she:
1. Has not been arrested for a drug-related offense during the 5 years preceding the filing of the petition;
2. Has not driven a motor vehicle without a license for at least 5 years prior to the hearing;
3. Has been drug-free for at least 5 years prior to the hearing; and
4. Has completed a DUI program licensed by the department.