860 So.2d 1099 (2003)
James S. GILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0217.
District Court of Appeal of Florida, First District.
December 12, 2003.
*1100 Nancy A. Daniels, Public Defender; and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The State's information charged Appellant with driving a motor vehicle on or around February 27, 2002, while his driver's license was permanently revoked, in violation of section 322.341, Florida Statutes. Appellant filed a motion to dismiss the information on the ground that the statute on which he was to be prosecuted is unconstitutional. Specifically, the motion alleged that sections 2 and 13 of chapter 98-223, Laws of Florida (which created § 322.341, Fla. Stat.), embrace two distinct subjects and lack any natural or logical connection, thereby violating the "single subject" provision in Article III, section 6, of the Florida Constitution. The motion was denied on the authority of Sawyer v. State, 819 So.2d 966 (Fla. 4th DCA 2002) (finding chapter 98-223 constitutional), which certified conflict with Department of Highway Safety and Motor Vehicles v. Critchfield, 805 So.2d 1034 (Fla. 5th DCA 2002) (affirming final judgment finding chapter 98-223 unconstitutional under "single subject" provision).
Appellant entered a plea of nolo contendere, reserving the right to appeal the denial of his motion to dismiss. He agreed to serve three years' probation, subject to certain conditions not relevant to this appeal. Subsequently, the Supreme Court of Florida decided Florida Department of Highway Safety and Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla. 2003), holding that section 2 of chapter 98-223 (involving assignment of bad check debt to a private debt collector) "has no natural or logical connection to the law's subject matter, which is driver's licenses, operation of motor vehicles, and vehicle registrations." Id. at 785. The Court found that chapter 98-223 violates the state constitutional "single subject" provision. Id. at 786.
Because Appellant cannot lawfully be charged under an unconstitutional statute, we reverse the order denying his motion to dismiss and remand for the entry of an appropriate order consistent with the supreme court's opinion in Critchfield.[1]
REVERSED and REMANDED, with instructions.
BROWNING, POLSTON and HAWKES, JJ. concur.
NOTES
[1] We are mindful of the general rule "that a single subject violation is cured when the Legislature reenacts the provision as part of the biennial adoption of the Florida Statutes." Tormey v. Moore, 824 So.2d 137, 142 (Fla. 2002). The relevant reenactment occurred and became effective upon publication on May 21, 2003. See ch. 03-25, § 1, at 206, Laws of Fla. Section 322.341, Florida Statutes, the provision under which Appellant was charged, was added pursuant to chapter 98-223, § 13, Laws of Florida, effective July 1, 1998. Accordingly, only those persons like Appellant who were subject to the sanctions created by chapter 98-223, § 13, i.e., committed their offenses on or after July 1, 1998, but before the reenactment became effective on May 21, 2003, will be entitled to relief under Critchfield. See Tormey, 824 So.2d at 143.