883 So.2d 300 (2004)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, Petitioner,
v.
Johnny Joseph FOUNTAIN, Respondent.
No. 1D03-5488.
District Court of Appeal of Florida, First District.
August 24, 2004.
*301 Michael J. Alderman, Dept. of Highway Safety & Motor Vehicles, Tallahassee, for Petitioner.
HAWKES, J.
The Department of Highway Safety and Motor Vehicles (Department) petitions for a writ of certiorari to quash the circuit court's order requiring it to issue Johnny Fountain, a hardship driver's license. We grant the petition and quash the order.
On January 29, 1991, the Department permanently revoked Fountain's driving privileges pursuant to section 322.28 Florida Statutes, because he had been convicted of driving under the influence (DUI) four times. The 1991 through 1997 versions of the statute permitted Fountain to request reinstatement upon meeting certain criteria. See § 322.271(4)(a), Fla. Stat. (1997). However, in 1998, the Legislature amended section 322.28, to provide that a person convicted of four DUIs could no longer have driving privileges for any reason. See § 322.28(2)(e), Fla. Stat. (Supp.1998).
In March 2003, the Florida Supreme Court ruled chapter 98-223, Laws of Florida, which created, in part, the 1998 versions of sections 322.271 and 322.28, Florida Statutes, violated the single subject rule. See Dep't of Highway Safety & Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla.2003). This ruling resulted in reinstatement of the 1997 version of the statute until the constitutional defect was cured. See e.g., Jackson v. Dep't of Highway Safety & Motor Vehicles, 848 So.2d 1165 (Fla. 2d DCA 2003) (holding when a statutory amendment is declared unconstitutional, statutes as they existed before amendment become effective by operation of law).
In May, 2003, Fountain reapplied for a driver's license, as permitted under the 1997 version of the statute. The Department denied the application, relying on the 1998 version of the statute.
On July 10, 2003, Fountain sought certiorari review in the circuit court.[1] The Department assumed the 1997 version of the statute applied, and requested the court remand for it to consider Fountain's application. Instead, the court found Fountain met the 1997 statutory requirements for a hardship driver's license, and ordered the Department issue the license for one year under enumerated conditions. The circuit court departed from the essential requirements of law by granting the hardship license. No matter which version of the statute applied, the circuit court is without authority to order the Department to issue the license.
*302 Based on the plain language of the 1997 version of the statute, it is within the Department's discretion to decide whether to reinstate the license of a petitioner who meets the statutorily specified requirements. See § 322.271(4)(a)-(b), Fla. Stat. 1997. Thus, had the 1997 version of the statute been applicable, the court should have remanded the case for the Department to conduct a hearing to determine whether Fountain met the statutory requirements for a hardship license. See Bailey, 870 So.2d at 49. Under the 1998 version of the statute, neither the circuit court nor the Department had discretion to issue the hardship license.
The petition for certiorari is GRANTED and the circuit court's order is QUASHED.
ERVIN and ALLEN, JJ., CONCUR.
NOTES
[1] We would note that, by the time Fountain sought certiorari review, the Legislature had reenacted the 1999 version of the Florida Statutes, effective July 1, 2003, curing the previous constitutional defect to the 1998 version of the statutes. See Envtl. Confed. of S.W. Fla., Inc. v. Dep't of Envtl. Prot., 852 So.2d 349 (Fla. 1st DCA 2003); 2003 Fla. Laws ch. 25; Tormey v. Moore, 824 So.2d 137(Fla.2002) (noting single subject violation cured when Legislature reenacts the provision as part of a re-adoption of the Florida Statutes).