891 So.2d 643 (2005)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Robert W. GASKINS, Appellee.
No. 2D04-1646.
District Court of Appeal of Florida, Second District.
January 28, 2005.
Enoch J. Whitney, General Counsel, and Kathy A. Jimenez, Assistant General Counsel, Tallahassee, for Appellant.
Jennifer J. Card and Scot E. Samis of Abbey, Adams, Byelick, Kiernan, Mueller & Lancaster, L.L.P., St. Petersburg, for Appellee.
SILBERMAN, Judge.
In this declaratory judgment action, the Department of Highway Safety and Motor Vehicles (the Department) appeals a final summary judgment which requires the Department to consider appellee Robert Gaskins' request to have his driving privilege reinstated. Because the current version of section 322.271(4), Florida Statutes (2004), is applicable and does not allow someone with Gaskins' record to apply for reinstatement, we reverse the final summary judgment.
On June 3, 2002, Gaskins filed a complaint seeking a declaratory judgment that he is eligible to seek full reinstatement of his driving privilege and that the Department must consider him for reinstatement. Gaskins' driving record reflects convictions for DUI on July 30, 1982, and May 27, 1987, and a conviction for DUI manslaughter on January 14, 1991, all being violations of section 316.193, Florida Statutes. The Department permanently revoked Gaskins' driving privilege, effective January 14, 1991, pursuant to section 322.28(2)(e), Florida Statutes (1991). In 1996, pursuant to section 322.271(4), Florida Statutes (1995), Gaskins sought, and the Department granted, reinstatement of his driving privilege for business purposes only. In this declaratory action Gaskins is seeking an order allowing him to petition the Department for unqualified reinstatement of his driving privilege.
*644 The parties dispute whether section 322.271(4) contemplates unqualified reinstatement for someone whose driving privilege has been permanently revoked. However, even if section 322.271(4) allows for unqualified reinstatement, based on Gaskins' record and the current version of section 322.271(4), Gaskins is not entitled to petition for any reinstatement, restricted or unrestricted. Gaskins contends that the 1995 version of section 322.271(4) is applicable and allows someone with his record of two DUI convictions and one DUI manslaughter conviction to seek reinstatement upon the expiration of five years after the date of the revocation, on certain enumerated conditions. The current version of section 322.271(4), however, does not allow someone with Gaskins' driving record to seek reinstatement at all.
The Department points out that in Florida Department of Highway Safety & Motor Vehicles v. Critchfield, 842 So.2d 782, 785 (Fla.2003), the Florida Supreme Court held that chapter 98-223, Laws of Florida, the 1998 amendment to section 322.271(4), violates the single subject rule. The Critchfield decision "resulted in reinstatement of the 1997 version of the statute until the constitutional defect was cured." State, Dep't of Highway Safety & Motor Vehicles v. Fountain, 883 So.2d 300, 301 (Fla. 1st DCA 2004). The legislature cured the defect when it "reenacted the 1999 version of the Florida Statutes, effective July 1, 2003." Id. at 301 n. 1.
Thus, as of July 1, 2003, section 322.271(4) specifically provided as follows:
(4) Notwithstanding the provisions of s. 322.28(2)(e), a person whose driving privilege has been permanently revoked because he or she has been convicted of DUI manslaughter in violation of s. 316.193 and has no prior convictions for DUI-related offenses may, upon the expiration of 5 years after the date of such revocation or the expiration of 5 years after the termination of any term of incarceration under s. 316.193 or former s. 316.1931, whichever date is later, petition the department for reinstatement of his or her driving privilege.
§ 322.271(4), Fla. Stat. (2003) (emphasis added). Because Gaskins has a DUI manslaughter conviction and two prior DUI convictions, he is ineligible to petition for reinstatement under this version of section 322.271(4).
In Cantrall v. Department of Highway Safety & Motor Vehicles, 828 So.2d 1062, 1063 (Fla. 2d DCA 2002), this court recognized that the statute in effect at the time of the application for reinstatement of driving privilege and the time of the Department's decision controlled, rather than the statute in effect at the time Cantrall's license was originally revoked. This court reiterated:
Florida follows the general rule that a change in a licensure statute that occurs during the pendency of an application of licensure is operative as to the application, so that the law as changed, rather than as it existed at the time the application was filed, determines whether the license should be granted.
Id. at 1063 (quoting Lavernia v. Dep't of Prof'l Regulation, Bd. of Med., 616 So.2d 53, 53 (Fla. 1st DCA 1993)). Thus, if Gaskins were to file a petition for reinstatement, the Department would be precluded from considering a reinstatement based on section 322.271(4), Florida Statutes (2004), because Gaskins has a DUI manslaughter conviction and two DUI convictions. The fact that he applied for and was granted a business purpose only license under the 1995 version of the statute does not control his current request to seek full reinstatement of his driving privilege.
*645 Therefore, we reverse the trial court's final summary judgment which requires the Department to consider Gaskins' request to have his driving privilege reinstated.
Reversed.
STRINGER and WALLACE, JJ., concur.