922 So.2d 279 (2006)
Carl Douglas PASS, a/k/a Douglas Carl Pass, a/k/a Scott Shadrach, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4522.
District Court of Appeal of Florida, Second District.
February 10, 2006.
Rehearing Denied March 16, 2006.
*280 Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Carl Pass, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
*281 SILBERMAN, Judge.
Carl Pass appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] Pass raised six issues on appeal with respect to his judgments and sentences for felony DUI, two counts of driving while license permanently revoked, and carrying a concealed weapon by a convicted felon. We reverse the denial of his claim on ground three regarding the convictions for driving while license permanently revoked, and we affirm the denial of the remaining five claims without discussion.
Based on events that occurred on November 7, 2001, and January 3, 2002, the State charged Pass with two counts of driving while license permanently revoked, in violation of section 322.341, Florida Statutes (2001). Pass entered an open plea of guilt, and the trial court sentenced him to concurrent terms of five years in prison on these charges.[2] Pass correctly contends that he is entitled to have these convictions and sentences vacated because section 322.341 was unconstitutional at the time of the alleged offenses.
In Florida Department of Highway Safety & Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla.2003), the supreme court held that chapter 98-223, Laws of Florida, violated the single subject rule and was unconstitutional. Section 13 of chapter 98-223 created section 322.341, prohibiting driving while a license is permanently revoked. Id. at 784. Defendants, such as Pass, who fall within the window period for making a Critchfield claim are entitled to relief. See Gillman v. State, 860 So.2d 1099, 1100 n. 1 (Fla. 1st DCA 2003) (stating that defendants who were subject to sanctions under section 13 of chapter 98-223, "i.e., committed their offenses on or after July 1, 1998, but before the reenactment became effective on May 21, 2003, will be entitled to relief under Critchfield"). The Gillman court recognized that a defendant "cannot lawfully be charged under an unconstitutional statute." Id. at 1100.
In Sorrell v. State, 855 So.2d 1253, 1255-56 (Fla. 4th DCA 2003), the Fourth District stated, "Because chapter 98-223, the statute creating section 322.341, is unconstitutional, appellant cannot be convicted of that crime." The court explained that section 322.341 became "non-existent when the supreme court decided in Critchfield that Chapter 98-223 failed to meet constitutional muster." Id. at 1256. Pass correctly argued in his postconviction motion that the error was fundamental and could be raised for the first time in a postconviction motion. See Bell v. State, 585 So.2d 1125, 1126-27 (Fla. 2d DCA 1991) (stating that "application of a facially unconstitutional statute is fundamental error" and that "[f]undamental error may be raised at any time, including in a motion for postconviction relief"); see also Heflin v. State, 595 So.2d 1018, 1019 (Fla. 2d DCA 1992) (reversing summary denial of motion to correct sentence and stating that "`house of ill fame' statute had been declared unconstitutional on its face" and therefore "Heflin's convictions constitute fundamental error and should be vacated").
*282 We note that in denying Pass's claim after an evidentiary hearing, the postconviction court found that trial counsel was not ineffective because counsel made a strategic decision not to make a Critchfield claim. We need not reach the issue of whether counsel's strategy was reasonable because in the context of this claim, counsel's strategy is irrelevant. Pass was convicted of a nonexistent crime. Thus, he did not need to establish ineffective assistance of counsel to obtain relief. Because the postconviction court erred in denying relief on ground three, we reverse and remand for the postconviction court to vacate the convictions and sentences for driving while license permanently revoked.
With respect to the proceedings on remand, both parties cite to Jordan v. State, 801 So.2d 1032, 1036 (Fla. 5th DCA 2001), where the Fifth District stated, "The State argues, finally, that assuming that Jordan was charged with a nonexistent crime, it has the option of either filing an information that charges a valid offense or withdrawing from the plea agreement entirely and proceeding to trial on all counts in both cases. We agree." In Jordan, the defendant entered into a negotiated plea in which the State agreed to nolle prosequi two charges. Here, Pass entered an "open plea" and had no agreement with the State. Therefore, although the State may file an information charging Pass with valid offenses in lieu of the two nonexistent charges, there is no basis to set aside the plea as to the other charges.[3]
Affirmed in part, reversed in part, and remanded.
DAVIS and LaROSE, JJ., Concur.
NOTES
[1] Pass filed a pro se initial brief. He later obtained counsel, and counsel filed a reply brief. This court, on its own motion, then ordered supplemental briefing.
[2] The State charged Pass with driving while license permanently revoked in count two of circuit court case number 01-19495 and count one of circuit court case number 02-906. Pass entered an open plea to four charges  felony DUI, two counts of driving while license permanently revoked, and carrying a concealed weapon by a convicted felon  and received a total sentence of twenty-five years in prison.
[3] In its brief, the State acknowledges that it may be precluded from filing other charges due to the applicability of the statute of limitations.