927 So.2d 1043 (2006)
Joseph W. GORMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4604.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
*1044 Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Joseph Gorman was charged with driving while license suspended (DWLS) because of an event occurring on August 1, 2002. The DWLS statute was enacted by chapter 98-223, Laws of Florida, which was later codified as section 322.34(6)(b), Florida Statutes. He pleaded no contest, and the trial court sentenced him on the violation. He appeals from the conviction. We accept the State's concession of error.
The supreme court held chapter 98-223 invalid as violating the single subject rule. Fla. Dep't of Highway Safety and Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla. 2003); see also Art. III, § 6, Fla. Const. Only those defendants falling within the period of the invalidity are entitled to relief. Gillman v. State, 860 So.2d 1099, 1100 n. 1 (Fla. 1st DCA 2003) (holding that only defendants who committed the offense from July 1, 1998, until the effective reenactment on May 21, 2003, are entitled to relief under Critchfield); see also Pass v. State, 922 So.2d 279, 281 (Fla. 2d DCA 2006) (following Gillman). Because Gorman's offense falls within the period of invalidity, he is entitled to the benefit of Critchfield. We therefore reverse only his DWLS conviction and remand for the entry of an appropriate order consistent with Critchfield.
POLEN, FARMER and GROSS, JJ., concur.