980 So.2d 1118 (2008)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
David A. JOHNSON, Appellee.
No. 5D06-2931.
District Court of Appeal of Florida, Fifth District.
March 7, 2008.
Rehearing Denied May 6, 2008.
*1119 Bill McCollum, Attorney General, and Timothy D. Osterhaus, Deputy Solicitor General, Tallahassee, for Appellant.
Michael J. Snure and William R. Ponall, of Kirkconnell, Lindsey, Snure and Yates, P.A., Winter Park, for Appellee.
SAWAYA, J.
This appeal emanates from a declaratory judgment action instituted by David A. Johnson after the Department of Highway Safety and Motor Vehicles refused his request for licensure reinstatement. The trial court granted Johnson's motion for summary judgment and subsequently entered a final declaratory judgment in his favor, holding that the amended version of section 322.271(4), Florida Statutes (1997), is void ab initio and that the general reenactment of the Florida Statutes by chapter 03-25, Laws of Florida, did not cure the single subject defect in chapter 98-223. In so holding, the trial court declared as a matter of law: "(1) the version of Fla. Stat. § 322.271 that existed prior to the enactment of Chapter 98-223 is currently in effect; and (2) the Plaintiff [Johnson] is not statutorily precluded from seeking reinstatement of his driving privileges based solely on the fact that he has four convictions for DUI." We will now explain why we must reverse.
Johnson was convicted of his fourth offense for driving under the influence of alcohol, and on January 14, 1993, his driver's license was permanently revoked pursuant to section 322.28(2)(e), Florida Statutes. Sometime thereafterthe record does not reveal the dateJohnson petitioned to have his license reinstated pursuant to section 322.271(4), Florida Statutes (1997), which provided that a person whose driver's license was permanently revoked under section 322.28(2)(e) was permitted, "upon the expiration of 5 years after the date of such revocation . . . [to] petition the department for reinstatement of his or her driving privilege." The impediment to Johnson's petition is the fact that in 1998, the Legislature enacted chapter 98-223, which amended section 322.271(4) by deleting the portion of the statute that allowed a person with four DUI convictions, such as Johnson, to apply for reinstatement of his driving privileges. Johnson claims the impediment was removed by the Florida Supreme Court's decision in Department of Highway Safety & Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla.2003), which declared chapter 98-223 unconstitutional because it violated the single subject rule.
The Department responds that matters occurring subsequent to the release of the Critchfield decision dictate a contrary conclusion. Specifically, the Department argues that the Legislature's post-Critchfield enactment of chapter 03-25 cured the single subject defect in chapter 98-223, Laws of Florida, because it adopted the 2002 edition of the Florida Statutes, "together with corrections, changes, and amendments to and repeals of provisions of Florida Statutes 2002 enacted in additional reviser's bill or bills by the 2003 Legislature," as the official statutory law of the state. § 11.2421, Fla. Stat. (2003). Chapter 03-25 took effect on July 1, 2003, the 60th day after the adjournment sine die of the legislative session in which it was enacted. Ch. 03-25, § 5, Laws of Fla.; State v. Rothauser, 934 So.2d 17 (Fla. 2d DCA 2006); Envtl. Confederation of Sw. Fla., Inc. v. State, 852 So.2d 349, 350 (Fla. 1st DCA 2003); see also Lescher v. Dep't of Highway Safety & Motor Vehicles, 946 So.2d 1140, 1141 (Fla. 4th DCA 2006) ("The legislature then adopted the provision as an amendment to section 322.271(4), effective July 1, 2003."), review granted, 949 So.2d 198 (Fla.2007). Hence, we must determine whether the Legislature's *1120 subsequent reenactment of chapter 98-223, which included the amended version of section 322.271(4), cured the single subject rule violation. In making this determination, we undertake de novo review of the case. See Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla. 2001) ("The standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is de novo.").
Adverting to the decision in Critchfield, the supreme court affirmed this court's decision in Department of Highway Safety & Motor Vehicles v. Critchfield, 805 So.2d 1034 (Fla. 5th DCA 2002), and held that chapter 98-223 violated the single subject rule because it unconstitutionally combined "the subject of assigning the collection of bad check debt to a private debt collector with the subject of driving, motor vehicles, and vehicle registration." Critchfield, 842 So.2d at 786. Despite Johnson's contention and the trial court's ruling to the contrary, neither the supreme court nor this court declared chapter 98-223 void ab initio. However, the conclusion to this court's Critchfield opinion did indicate the manner in which the constitutional defect could be cured:
Finally, we recognize that the single subject requirement of Article III, section 6 only applies to chapter or session laws and sections of the Florida Statutes need not conform to the requirement. Johnson. Once reenacted by way of an adoption act as a portion of the Florida Statutes, a chapter or session law is no longer subject to challenge on the grounds that it violates the single subject requirement. Johnson. Chapter 98-223 was enacted effective July 1, 1998 but has yet to be the subject of an adoption act which became law. Accordingly, the final judgment invalidating Chapter 98-223, Laws of Florida, based upon violation of the single subject rule is affirmed.
Critchfield, 805 So.2d at 1038 (citing State v. Johnson, 616 So.2d 1 (Fla.1993)).
Our revelation in Critchfield of the cure mechanism for single subject violations was nothing new: the Florida Supreme Court had previously established that "the general mechanism for curing single subject rule violative chapter laws is through the Legislature's biennial adoption of the Florida Statutes." Trapp v. State, 760 So.2d 924, 927 (Fla.2000); see also Johnson. A single subject rule violation can also be cured prior to biennial readoption by the Legislature's separation and reenactment of the unrelated provisions originally contained in the chapter law. Trapp.
We conclude, as have the First, Second, and Fourth District Courts, that the single subject rule violation contained in chapter 98-223 was cured by the enactment of chapter 03-25. See Lescher, 946 So.2d at 1141-42; Rothauser, 934 So.2d at 19-20; Gorman v. State, 927 So.2d 1043 (Fla. 4th DCA 2006); State, Dep't of Highway Safety & Motor Vehicles v. Fountain, 883 So.2d 300 (Fla. 1st DCA 2004); Gillman v. State, 860 So.2d 1099 (Fla. 1st DCA 2003). Accordingly, the amended version of section 322.271(4) became effective on July 1, 2003, and Johnson had a window period, which closed on that date, to obtain reinstatement of his license from the Department. See Lescher; Dep't of Highway Safety & Motor Vehicles v. Gaskins, 891 So.2d 643 (Fla. 2d DCA 2005); Fountain, 883 So.2d at 301; Cantrall v. Dep't of Highway Safety & Motor Vehicles, 828 So.2d 1062, 1063 (Fla. 2d DCA 2002). Whether Johnson falls within that window period is not an issue that has been raised in these proceedings and, therefore, we will not address it.
Accordingly, the trial court erred in granting summary judgment in favor of *1121 Johnson and rendering the final declaratory judgment under review.
REVERSED.
TORPY and EVANDER, JJ., concur.