PER CURIAM.
 

 We sua sponte consolidate appellant’s three rule 3.850 summary appeals, case nos. 4D10-5362, 4D10-5363, and 4D10-5364, with his related rule 3.800 appeal, case no. 4D10-2149, and affirm the summary denial of all four motions.
 

 With respect to the first appeal, appellant’s rule 3.800(a) motion actually challenged his conviction in lower tribunal case no. 2005CF015334AXX for violating section 322.34(5), Florida Statutes (2005) (driving while license has been revoked pursuant to section 322.264 (habitual offender)), not the legality of his sentence; thus, the ground was not cognizable in a rule 3.800(a) motion.
 

 We also note that he based his challenge on the alleged invalidity of certain prior convictions that presumably had caused his license to be revoked as a habitual offender. However, the convictions that cause a driver to be classified as a habitual offender under section 322.264 are not an element of the offense of violating section 322.34(5):
 

 The violation created by section 322.34(5) does not involve-as an element of the crime-a finding that the motorist has been convicted on three separate occasions of DWLS. Instead it involves driving a motor vehicle on the public highways of Florida at a time when DMV has revoked the motorist’s license and given notice of the revocation. Thus it is not necessary for the state to prove each separate conviction of DWLS which DMV relied on in revoking the license.
 

 Rodgers v. State,
 
 804 So,2d 480, 483 (Fla. 4th DCA 2001) (footnote omitted).
 

 In the three rule 3.850 motions, appellant sought to vacate three convictions, in three separate cases-L.T. case nos. 2002CF014236AXX,
 
 *1171
 
 2003CF000688AXX, and 2003CF000769AXX-for violating section 322.34(5).
 
 [1]
 
 The same ground, identical in each motion, was based on an argument that chapter 98-223, Laws of Florida, which the supreme court held violated the single subject requirement of the Florida Constitution,
 
 [2]
 
 “created” section 322.34, Florida Statutes, and that the three convictions were nonexistent because the offenses in question all were committed during the window period when section 322.34 was unconstitutional.
 
 [3]
 
 However, the session law in question did not create section 322.34, but merely amended subsection 322.34(2) of that statute.
 
 [4]
 
 Ch. 98-223, § 12, at 2108-09, Laws of Fla. The appellant did not demonstrate how that amendment affected him, and we see no way for him to amend to do so.
 

 Affirmed.
 

 STEVENSON, LEVINE and CONNER, JJ., concur.
 

 [1]
 

 . The three convictions and sentences that were the subject of the three rule 3.850 motions became final in July 2003, so the three motions, filed in either November or December 2010, apparently were untimely. However, as appellant argued in his motions, a conviction for a nonexistent crime is a fundamental error that can be raised at any time, including in a rule 3.850 motion.
 
 Moore v. State,
 
 924 So.2d 840 (Fla. 4th DCA 2006). Thus, the trial court should have considered the three motions on their merits. On the records provided, we cannot determine whether it did so.
 

 [2]
 

 .
 
 Dep’t of Highway Safety & Motor Vehicles v. Critchfield,
 
 842 So.2d 782 (Fla.2003).
 

 [3]
 

 .
 
 See Gillman v. State,
 
 860 So.2d 1099, 1100 n. 1 (Fla. 1st DCA 2003) (providing that those persons who committed violation of section 322.341, a statute which was created by sections 2 and 13 of chapter 98-223, Laws of Florida, “on or after July 1, 1998, but before the reenactment became effective on May 21, 2003," were entitled to relief under
 
 Critch-field).
 

 [4]
 

 . Subsection 322.34(2) provides the degree of offense and the penalty for first, second, and third convictions for driving while license canceled, suspended, or revoked, with knowledge of the cancelation, suspension, or revocation. Section 12 of Chapter 98-223 added the following language concerning the knowledge element of subsection 322.34(2):
 

 There shall be a rebuttable presumption that the knowledge requirement is satisfied if a judgment or order as provided in subsection (4) appears in the department’s records for any case except for one involving a suspension by the department for failure to pay a traffic fine or for a financial responsibility violation.