IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

August 1, 2014

WILLIAM SPENCE,                    )
                                   )
        Appellant,                 )
                                   )
v.                                 )      Case No. 2D13-2297
                                   )
STATE OF FLORIDA,                  )
                                   )
        Appellee.                  )
_____ )

BY ORDER OF THE COURT:

        Appellee's motion for clarification and to recall mandate issued on June 3, 2014,

is granted.  See § 43.44, Fla. Stat. (2014).  The prior opinion dated May 9, 2014, is

withdrawn, and the attached opinion is issued in its place.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

JAMES BIRKHOLD, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM SPENCE,                          )
                                         )
            Appellant,                   )
                                         )
v.                                       )          Case No.   2D13-2297
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____)

Opinion filed August 1, 2014.

Appeal from the Circuit Court for
Pinellas County; Philip J. Federico,
Judge.

Howard L. Dimmig, II, Public Defender,
and Simone A. Lennon, Special
Assistant Public Defender, Bartow,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa,
for Appellee.

KELLY, Judge.

        William Spence was convicted of various offenses but on appeal he

challenges only his conviction for driving while his license was permanently revoked, in

violation of section 322.341, Florida Statutes (2010). He argues that he is entitled to a new trial on this charge because the trial court failed to give a jury instruction on the necessarily included lesser offense of no valid driver's license. We agree.

A trial court commits reversible error when it fails to give a jury instruction on a necessarily included lesser offense when the defendant requests it. See Hagood v. State, 824 So. 2d 252, 253 (Fla. 4th DCA 2002) (citing State v. Wimberly, 498 So. 2d 929, 932 (Fla. 1986) ("The trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense.")). Recognizing the jury's pardon power, the supreme court has stated that, " '[t]he failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible.' " Sanders v. State, 946 So. 2d 953, 957 (Fla. 2006) (quoting Reddick v. State, 394 So. 2d 417, 418 (Fla. 1981)). Because the crime of no valid driver's license is a necessarily included lesser of driving while license is permanently revoked, see Sorrell v. State, 855 So. 2d 1253, 1256 n.5 (Fla. 4th DCA 2003), the trial court erred in failing to give the instruction. The defense repeatedly objected when the trial court stated during the charge conference that it was not going to give an instruction on the lesser offense. Therefore, the issue was preserved for appellate review.

Accordingly, we reverse Spence's conviction for driving while license is permanently revoked and remand for a new trial on that count. We affirm Spence's remaining convictions and sentences.

Affirmed in part; reversed in part.


WALLACE and KHOUZAM, JJ., Concur.


- 2 -